Statement of Facts.

## M. RADCLIFFE, TR., v. C. D. HERBST, ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
OF YORK COUNTY.

Argued May 21, 1890—Decided June 2, 1890.
[To be reported.]

1. Upon an appeal, etc., to the Supreme Court, from an order refusing a
motion for judgment for want of a sufficient affidavit of defence, au-
thorized by the act of April 18, 1874, P. L. 64, such order must be af-
firmed, unless plain error of law is made to appear in it: Griffith v.
Sitgreaves, 81* Pa. 378.
2. The effect of the growing practice of bringing up cases for review,
upon refusals to enter such judgments, where the writs are not confined
to plain errors of law as they should be, is to delay instead of speeding
causes, and to add materially to the expenses of the parties litigant:
Per Mr. Chief Justice PAXSON.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and Mc-
COLLUM, JJ.

No. 320 January Term 1890, Sup. Ct.; court below, No. 46
January Term 1889, C. P.

On December 3, 1888, Mark Radcliffe, trustee for Frank G.
Shaffer, Annie Dehuff, Clinton Seitz, William F. Olp and Ro-
land Seitz, brought scire facias sur mortgage against Christina
D. Herbst and Jacob S. Herbst, her husband. The mortgage
sued on was dated October 19, 1886, was given by the defend-
ants to the plaintiff, and was duly executed by the mortgagors.
It recited and secured a bond of the same date, signed by the
mortgagors and conditioned for the payment, with interest,
two years after date, " of the sums of money due said cestuis
que trust, to wit: to Frank G. Shaffer, $1,108.91; to Annie
Dehuff, $1,108.91; to Clinton Seitz, $148; to Wm. F. Olp,
$600, and to Roland Seitz, $310, which said sums said Jacob
S. Herbst holds for or is indebted to said cestuis que trust as
guardian, executor or trustee."

On January 5, 1889, Christina D. Herbst filed an affidavit,
setting forth a defence to the plaintiff's demand as follows:

" That the alleged mortgage upon which this suit is brought

was not executed by me, the undersigned, voluntarily and of my own free will and accord, without any coercion or compulsion of my husband, but in fact I was coerced and frightened into executing, signing and acknowledging it, in the presence of Mark Radcliffe, the alleged trustee for Frank G. Shaffer, Annie Dehuff, Clinton Seitz, William F. Olp and Roland Seitz. That I was told by the attorney of said Mark Radcliffe, in the presence of said Radcliffe, who came to my house at Glen Rock, which is about, by railroad, sixteen miles from York, that my husband paid the guardian by notes, and that it was criminal for him, my husband, to do so.

"That my husband, Jacob S. Herbst, informed me a short time before said alleged mortgage was executed, that is an hour or two before the same was signed, that said Radcliffe threatened to prosecute him and send him to jail or penitentiary, if he did not satisfy them or get me to give a mortgage on my property, that is, the same property described in said mortgage upon which this suit is brought. That I was frightened, and believed I was obliged to give the mortgage right off, immediately, and thus frightened I signed and acknowledged the mortgage. That no time was given to consult counsel or friend, or even reflect about the matter, but I was coerced and frightened into executing it. That I have been informed by counsel and believe that the counsel of plaintiff, Radcliffe, was in error when he stated to me that my husband paid the guardian by notes and that it was criminal for him to pay by notes.

"That no money was given by Radcliffe or any other person, to me or my husband, at the time said mortgage was signed or acknowledged. That I have been informed by counsel and believe and so allege, that the bond which is attempted to be secured by said mortgage is not in law a valid bond against me and is not binding upon me; and further, that I am informed and believe the said mortgage given to secure said illegal and invalid bond, at least so far as this affiant is concerned, is also illegal and invalid and cannot be enforced against me. . . . . [Here followed specific averments of payments made, as alleged, by the husband of the affiant, which should have reduced the amounts secured for the cestuis que trust by the mortgage.]

"That this affiant is informed by counsel and believes that

Opinion of Court below.

said mortgage is not a legal and valid instrument against this affiant or her property for a debt existing as alleged against her said husband prior to the execution of said mortgage. That no legal or valid consideration passed to either myself or my said husband at the time of the execution of said mortgage, nor at any time, to me this affiant. That I am informed by counsel and believe, that I cannot give a bond or mortgage legally binding upon me for an old debt of my husband; that I cannot become the surety or security of my husband for an old debt; and that the bond and mortgage given in this case is in substance that, and nothing more nor less. That for and by reason of the facts stated in the foregoing affidavit of defence, I am not legally liable, nor is my property, for the alleged claims in said mortgage mentioned. And that said sum claimed in said scire facias is for a much larger and greater sum than is justly due or owing to said parties named in said mortgage. That the property described in said mortgage is my own property; the deed therefor is given to me in my own name, and the same was paid for by me with my own money received by me from my father. That said Radcliffe, the trustee mentioned in said mortgage, was present when said threats were made, and when said alleged bond and mortgage were signed and said mortgage acknowledged."

The plaintiff having moved for judgment for want of a sufficient affidavit of defence, the court, LATIMER, J., after argument, filed the following opinion:

I cannot agree with the learned counsel for the defendant that this mortgage is void because the bond which it was given to secure was executed by the wife jointly with her husband. It is true that a bond executed by a married woman is void and cannot be enforced against her estate. But it is equally true that such a bond, though void as against the married woman is good as against her co-obligor, whether he be her husband or another: Shallcross v. Smith, 81 Pa. 132; Building Association v. Lance, 6 W. N. 218; Unangst v. Fitler, 84 Pa. 135. And a mortgage by a wife of her separate property to secure her husband's debt is valid and binding; and it affects not the validity of such a mortgage that she joined with her husband in the bond, which though void as to her, remains his debt: Magaw v. Stevenson,

Arguments.

1 Gr. 402–404. But without being astute to construe this affidavit of defence in an unduly favorable light to the defendant, I think it contains enough, if true, which it must be assumed to be, to make out a complete legal defence to the plaintiff's claim, and therefore the plaintiff's motion for judgment must be refused.

—Thereupon the plaintiff took this appeal, specifying that the court erred:

1. In refusing the motion for judgment for want of a sufficient affidavit of defence.

—After the appeal was taken, and the certiorari issued thereon from the Supreme Court had been filed in the court below, the latter court, on application of the plaintiff and against the objection of the defendant, sealed a bill of exceptions to its decision, nunc pro tunc, as of the date of the decree.

*Mr. Henry C. Niles* (with him *Mr. W. F. Bay Stewart* and *Mr. Geo. E. Neff*), for the appellant:

1. By act of April 9, 1868, P. L. 780, affidavits of defence are required in actions of scire facias sur mortgage in York county, and motions for judgment for want of a sufficient affidavit of defence are authorized. The general act of April 18, 1874, P. L. 64, authorizes the review by this court of a refusal of such a motion. The affidavit filed by Mrs. Herbst is vague, prolix and conflicting in its statements. It consists of voluminous expressions of opinion and strong assertions of conclusions of law, but contains no statements of fact sufficient to found a valid legal defence upon. The circumstances by which she alleges that she was coerced, are not sufficient, separately or together, to constitute legal duress. She does not deny that the magistrate's certificate of the acknowledgment contains the whole truth; nor does she assert that Radcliffe ever made the threats which her husband reported to her, or that he had any knowledge of her husband's prior persuasions. But such a threat against a third person, even if made directly to the mortgagor, is not duress which will invalidate the instrument: Fulton v. Hood, 34 Pa. 365; Motz v. Mitchell, 91 Pa. 116.

2. The dates of the payments alleged in the affidavit are all

Arguments.

from five to six years before the execution of the mortgage, and there is no statement of how much was originally owing, nor anything to indicate that these payments may not all have been made as alleged, and yet the amounts stated in the mortgage may have been due at its date. The reasonable conclusion, therefore, is that these payments were taken into consideration in fixing the amounts for which the mortgage was given, and the fact that they were made is far from conclusive that the whole of the mortgage debt is not justly due : Bruner v. Wallace, 4 W. N. 53; Willard v. Reed, 132 Pa. 5. Again; an affidavit which sets forth that the defendant is informed and believes that certain things are true, is insufficient if it do not specify the sources of the information : Woolverton v. Smith, 4 W. N. 442; Black v. Halstead, 39 Pa. 64. A general assertion of payment amounts to nothing, unless sustained by particular averments : Audibert v. Young, 1 W. N. 276; Endlich on Aff. of Def., § 359; McCracken v. First R. P. Cong., 111 Pa. 106.

3. An affidavit of defence must state the actual facts necessary to constitute the defence, without leaving anything to inference : Blackburn v. Ormsby, 41 Pa. 97 ; Peck v. Jones, 70 Pa. 83; Moore v. Somerset, 6 W. & S. 262. Where, as in this case, every allegation of fact may be true, and yet the defendant may justly owe the amount sued for, the plaintiff is entitled to judgment : Black v. Halstead, 39 Pa. 64. The allegations respecting the validity of the bond and mortgage given for a debt of the husband, are shadows which were thoroughly disposed of by the opinion of the court below and the cases therein cited. It makes no difference that the debt to be secured by mortgage is an old debt due from the husband : Lytle's App., 36 Pa. 131. The law providing for affidavits of defence is remedial, and intended to prevent vexatious and useless delay and expense, in cases where the defendant has no meritorious or available defence. It should be liberally construed, and when the affidavit does not allege facts which, if proved as stated, would be a full and complete defence, the plaintiff is entitled to judgment : Vulcanite Paving Co. v. Phila. Traction Co., 115 Pa. 280 ; Erie City v. Butler, 120 Pa. 374.

Arguments.

*Mr. V. K. Keesey* (with him *Mr. Horace Keesey*), for the appellees:

1. Fulton v. Hood, 34 Pa. 365, and Motz v. Mitchell, 91 Pa. 116, cited for the plaintiff, did not relate to the validity of a married woman's acknowledgment alleged to have been procured by coercion. They involved different principles from those applicable in this case. To make the deed or mortgage of a married woman valid, it must be shown by legal evidence that it was executed without any fraud, imposition or coercion, with a full knowledge of its contents and with a will that was perfectly free and not subjected to compulsion, moral or physical. A magistrate's certificate of the wife's acknowledgment is not conclusive, but may be contradicted by parol testimony; and, if the mortgagee has a knowledge of facts calculated to put him upon inquiry as to the manner in which the acknowledgment was obtained, he must abide the consequences: Louden v. Blythe, 16 Pa. 532; s. c. 27 Pa. 22; Williams v. Baker, 71 Pa. 476; Heeter v. Glasgow, 79 Pa. 79; Singer Mfg. Co. v. Rook, 84 Pa. 442; Darlington's App., 86 Pa. 512. Mrs. Herbst's affidavit alleges coercive threats made in the mortgagee's presence.

2. The allegations of payment are made with sufficient particularity. A comparison of the amount claimed for Frank Shaffer with that claimed for his sister Annie Dehuff, will show that no allowance was made for payments prior to the mortgage, for the amounts claimed for them are precisely the same, whereas the payments made for their use were in different amounts. The affidavit also alleges claims for compensation. It is sufficient if the affidavit sets forth, in words or by necessary inference, facts showing a substantial prima facie defence, which can probably be established: Selden v. Neemes, 43 Pa. 421; Black v. Halstead, 39 Pa. 64; Thompson v. Clark, 56 Pa. 33; without meeting every argument or objection which fine critical skill may adduce: Leibersperger v. Savings Bank, 30 Pa. 531. Moreover a refusal to grant judgment for want of a sufficient affidavit of defence, will not be reviewed under the act of April 18, 1874, P. L. 64, except in cases where there is plain error of law: Griffith v. Sitgreaves, 81* Pa. 378.

The exception to the decision of the court below, which the act of 1874 requires to be taken, was taken too late in this case.

Nothing that took place in that court, after the filing of the certiorari therein, can be considered here.

PER CURIAM:

This was an appeal from the refusal of the court below to enter judgment against the defendants for want of a sufficient affidavit of defence. The language of this court in Griffith v. Sitgreaves, 81* Pa. 378, is so applicable to this class of cases that I quote it here:

"The act of assembly authorizing writs of error to be taken when a Court of Common Pleas refuses to enter judgment on the ground of the sufficiency of an affidavit of defence, was intended to reach only clear cases of error in law, and thus to prevent the delay of a trial. Its effect is often to produce two writs of error in the same cause, instead of one, and is not to be encouraged. Such writs should be confined to plain errors of law. In doubtful cases, and especially in those requiring broad inquiry into facts, where the court refuses judgment the matter in controversy should go to the jury, as the proper tribunal to decide the cause, under proper instructions from the court."

Our further experience with the act referred to confirms us in the wisdom of these remarks. The practice is growing to bring up cases upon the refusal of the court to enter judgment; nor, are such writs, as a general practice, confined to plain errors of law, as they should be. The instances are rare where any benefit results therefrom; frequently, the cases could have been tried below in less time than is required to bring them here upon appeal. The practical effect of such a mode of practice is to delay, instead of speeding causes, and to add materially to the expenses of the litigants.

Tested by the rule indicated in Griffith v. Sitgreaves, supra, the order of the court below must be affirmed. In view of the fact that the case may come here again upon another appeal, we decline to discuss its merits. It is sufficient to say that the affidavit discloses some facts which ought to be passed upon by a jury.

The order below is affirmed.