Josiah D. Ensign et al. to use of Mark Paine, Appellants,
*v.* Charles F. Kindred.

Mark Paine, Appellant, *v.* Charles F. Kindred.

[Marked to be reported.]

*Affidavit of defence—Rule for judgment—Practice, S. C.*

An order discharging a rule for judgment for want of a sufficient affidavit of defence will not be reversed by the Supreme Court in doubtful and uncertain cases, but only in such as are very clear and free of doubt.

In a case where the exact legal status of the parties may depend upon nice shades of testimony, upon the credibility of witnesses, or upon facts and circumstances which cannot be foreseen, and which may be potential in determining the result, the Supreme Court will not reverse an order discharging a rule for judgment for want of a sufficient affidavit of defence.

*Foreign judgment—Certificate under act of Congress—Deputy clerk.*

An action upon a foreign judgment cannot be sustained where the certificate of the clerk of the court in which the judgment was obtained was made, not by the clerk, but by his deputy.

Argued March 23, 1894. Appeal, Nos. 235 and 236, Jan. T., 1894, by plaintiffs, from order of C. P. No. 2, Phila. Co., June T., 1892, Nos. 326 and 327, discharging rules for judgment. Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Rules for judgments for want of sufficient affidavits of defence in assumpsit on promissory note, and on foreign judgment certified by deputy clerk.

In the first case Charles F. Kindred filed an affidavit of defence in which he averred that " in 1883 Mark Paine, the use plaintiff, and deponent were owners of a tract of land in Dakota, and each having a one half interest therein. That on or about the date of the note (upon the record of the judgment on which note this action is brought) deponent purchased from said plaintiff his one half interest, and gave him in payment therefor two notes. That after the maturity of said notes it was agreed between said plaintiff and deponent that payment therefor should not be exacted, but that deponent, in payment and satisfaction thereof, should, upon demand being made by said plaintiff, convey back to him the said one half interest in

said tract of land.    That said agreement was in full payment
and satisfaction of said note.    That deponent had been at all
times, and is still, ready at any time to comply with said agree-
ment, and on demand being made will convey said land unto
said plaintiff in compliance with said agreement, but that, with-
out the knowledge of deponent, and in violation of said agree-
ment and settlement, plaintiff appears to have entered judgment
in said suit.

"And deponent suggests that said judgment sued is not cer-
tified as alleged by plaintiff in conformity with the act of Con-
gress in such case made and provided."

A similar affidavit was filed in the second case.

A supplemental affidavit of defence averred :

"That after the maturity of the two notes (one of which
notes is involved in the present case) he entered into a verbal
agreement, which agreement was duly set forth in the affidavit
of defence previously filed in this cause, in regard to a settle-
ment of all payments against deponent arising from and under
said notes.    The terms of said verbal agreements between the
said Paine and deponent are as follows :  The defendant should
convey to said Mark Paine a full undivided one half interest
in the land formerly purchased from said Paine by the notes in
suit, and that said reconveyance of said land should be in full
payment and complete satisfaction of said notes ;  that said Mark
Paine then and there accepted said offer of settlement, and
agreed with deponent to receive the said one half interest in
said land in payment of said notes as above set forth ;  that the
title of said land was to remain in deponent until such time as
the said Mark Paine should request deponent to execute and
deliver a deed therefor to him, the said Paine, or to some per-
son or persons to be named by him ;  and that upon such request
being made by the said Paine, and the compliance therewith
by the said defendant, the said Mark Paine was to surrender
up and deliver to deponent both his said notes.    Deponent fur-
ther avers that said verbal agreements provided that in the
interim no further proceedings should be taken to enforce the
said payment of the said notes ;  deponent further avers that
said verbal agreement was never reduced to writing, but that
said agreement has never been abrogated or rescinded, but the
same is in full force and effect at the present time between the
said Mark Paine and this deponent.

" Deponent further avers that the particular circumstances. under which said verbal agreement was entered into are as follows : The said Mark Paine and deponent were jointly interested in a tract of land in Dakota, .the legal title to the whole thereof being in the said Mark Paine, the one undivided half part of which held in his own right and the other undivided half part thereof being held by him in trust for deponent.   Deponent further avers that it was when the respective interests of the said Paine and deponent were as above set forth, that deponent purchased from the said Paine, his undivided half interest in said land, and gave therefor his two certain promissory notes, dated July 3, 1885, to the said Mark Paine for the sum of $3,500 each, payable July 3, 1886, and July 3, 1887, respectively.   It was at the maturity of said notes that deponent entered into the verbal agreement above set forth with the said Mark Paine.   Deponent further avers that in pursuance of said agreement deponent held said land for the said Paine, and still holds the same subject to the order and direction of said Paine, in accordance with the mutual agreement entered into between him, the said Paine, and deponent; that no request, demand, order, or direction whatever has ever been made or given by the said Mark Paine, or by any one for him, for the execution and delivery of a deed or conveyance of said land as above set forth; and deponent further avers that he continues now to hold said land under said agreement subject to the order and direction of said Mark Paine, and deponent is ready and willing and prepared to make a deed of conveyance for the said one half interest for the said land as above set forth, or to make a similar deed to any one whom the said Paine may designate in fulfillment of his said agreement; that until such request or demand is made, deponent has no means of knowing how or to whom said conveyance shall be made."

Rules for judgment discharged.   Plaintiff appealed.

*Errors assigned* were above orders.

*A. H. Wintersteen, Geo. Tucker Bispham* with him, for appellants.—The defence of accord and satisfaction must embrace not only an agreement, but an actually executed agreement: Hosler v. Hursh, 151 Pa. 415; Hearn v. Kiehl, 38 Pa. 147 ;

Spruneberger v. Dentler, 4 Watts, 126 ; Lance v. Ashton, 2 W. N. 305; Savage v. Everman, 70 Pa. 315; Hieskell v. O'Donnell, 35 Leg. Int. 60 ; Reed v. Martin, 29 Pa. 179; Blackburn v. Ormsby, 41 Pa. 97 ; Bank v. Huston, 11 W. N. 389; Cumber v. Wane, 21 Sm. L. Cas., 8th. Am. ed. 664. Christie v. Craige, 20 Pa. 430, is explained and criticised in 18 Sm. L. Cas., Johnson's ed., pp. 645, note, 676. Flegal v. Hoover, 156 Pa. 276, was a case of surrender of mutual rights. See also Blake v. Blake, 110 Mass. 202.

The defence as to certification of foreign judgment is without merit. Even if the fact be, as it is not, that the record from the Minnesota court is not certified under the federal statute, it has been established that, while a defence such as this would constitute a valid objection to the admission of the transcript in evidence in the trial of the cause, it is not essential to the validity of a statement of claim that the transcript should be certified according to the federal statute : Mink v. Shaffer, 23 W. N. 348, where judgment was entered for want of a sufficient affidavit of defence in a cause where objection was taken to the statement on this very ground.

A conclusive objection to the affidavit of defence in the first case is that it is an attempt to impeach a judgment of another state obtained after due service of process on defendant: U. S. Const. § 4; act of Congress of May 26, 1790. Jurisdiction is presumed unless it is denied: Wetherill v. Stillman, 65 Pa. 105; Guthrie v. Lowry, 84 Pa. 533; Mink v. Shaffer, 124 Pa. 290 ; Baxley v. Linah, 16 Pa. 241; Ohio v. Hinchman, 27 Pa. 479.

*C. Oscar Beasley*, for appellees.—Unless for palpable error, the Supreme Court will not interfere where the court below decides that there are questions which the jury ought to decide : Ins. Co. v. Confer, 158 Pa. 604.

In the cases cited by appellant as to accord and satisfaction, defendant had not carried out a portion of the agreement of satisfaction. There is nothing of the kind in the case at bar.

ENSIGN, TO USE OF C. PAINE' v. KINDRED.

OPINION BY MR. JUSTICE GREEN, Oct. 1, 1894 :

This was an action of assumpsit upon a foreign judgment.

The copy of the record annexed to the plaintiffs' claim discloses that the certificate of the clerk of the court in which the judgment was obtained, was made, not by the clerk but by his deputy, and it is contended this is not a proper certificate. In the case of Lothrop v. Blake, 3 Pa. 483, we held that such a certificate is invalid and will not entitle the record to admission in evidence. ROGERS, J., in delivering the opinion said: "The clerk also, who certifies the record, must be the clerk himself or his successor; the certificate of his under-clerk, in his absence, or of the clerk of any other tribunal, office or body is held incompetent for the purpose. See Sampson v. Overton, Bibb, 409, and Greenleaf's Evidence, sec. 506, and the authorities there cited."

As this defect appears on the face of the plaintiffs' statement and prima facie defeats the record of the foreign judgment as the basis of an action, it follows that the judgment of the court below must be sustained.

Judgment affirmed.

### PAINE *v.* KINDRED.

OPINION BY MR. JUSTICE GREEN, Oct. 1, 1894:

In this case judgment was refused in the court below on a motion for judgment for want of a sufficient affidavit of defence. Upon the facts set forth in the affidavits a very close case is presented, which is altogether too doubtful in its character to justify us in interfering with the court below in its action. In Ætna Ins. Co. v. Confer, 158 Pa. 604, we said: "It must be a very plain case of error in law, if we sustain appeals in such cases as this, from the decree of the common pleas discharging the rule. The decree being interlocutory, no injury can result to the complaining suitor other than delay of final judgment. Besides, it is doubtful whether the act of assembly authorizing these appeals has not on the whole aggravated delay. The observations of this court in Griffith v. Sitgreaves, 81* Pa. 378, and Radcliffe v. Herbst, 135 Pa. 568, are pointedly applicable in the case before us."

These remarks are very pertinent in the consideration of the present case. Whether the case will ultimately present a question of accord and satisfaction, or a mere question of a verbal contract for the sale of lands without the payment of

any purchase money or taking possession, or making improvements, or of a trust of the title in the defendant at the instance of the plaintiff, may depend upon nice shades of testimony, upon the credibility of witnesses, or upon facts and circumstances which cannot now be foreseen and which may be quite potential in determining the result. Such possibilities are entirely within the scope of the facts set out in the affidavits of defence. We do not mean to interfere, where rules for judgment have been discharged in the lower courts, in doubtful and uncertain cases, but only in such as are very clear and free of doubt, as we have frequently said.

Judgment affirmed.