Security Savings and Loan Association, a Corporation, Appellant, v. Hester A. Anderson and David G. Anderson, with Notice to Mary A. Stickel, Terre Tenant.

*Affidavit of defense—Exception—Appeal—Act of April* 18, 1874.

To sustain an appeal from an order of the court below refusing to enter judgment for want of a sufficient affidavit of defense, an exception must be taken to the order as required by the act of April 18, 1874, P. L. 64.

The act of April 18, 1874, P. L. 64, was intended to reach only clear cases of error in law, and the Supreme Court will not consider an appeal under the act where at most there is merely a doubt as to the correctness of the decision of the lower court.

Argued Oct. 9, 1895. Appeal, No. 233, Oct. T., 1895, by plaintiff, from order of C. P. Westmoreland Co., Feb. T., 1895, No. 444, discharging rule for judgment for want of a sufficient affidavit of defense. Before Sterrett, C. J., Green, Williams, McCollum, Mitchell and Fell, JJ. Affirmed.

Scire facias sur mortgage.

The terre tenant filed an affidavit of defense, which was as follows :

1. The aforesaid mortgage is a building and loan association mortgage, payable in monthly installments, and the scire facias issued thereon, a copy of which was served upon deponent, does not show on its face any forfeiture or immediate cause of action.

2. The said scire facias, the copy of the same served upon deponent being hereunto attached and made part of this affidavit of defense, contains the following paragraph :—" But provided further also, That in case default be made in the payment of the said principal or interest for the period of six months (days), after the same shall become due and payable as afore-

said, the whole of said principal and interest shall forthwith become due and payable, and a writ of scire facias may at once be issued on this mortgage and prosecuted to judgment and execution of the whole amount of the said principal and interest then unpaid, together with all fees, costs and expenses of such proceedings, including an attorney's commission of five per centum for the collection thereof as by the same indenture manifestly appears."

Your deponent avers that no such proviso is to be found in the mortgage upon which said writ of scire facias was issued; but on the contrary the said mortgage provides that in case default be made in the payment of the installments at the times and in the manner therein specified, the mortgagee may sell the real estate described in the mortgage at public auction; and further, that if default be made in any of the conditions or covenants, the mortgagee may take possession of the mortgaged premises; and by thus providing other remedies virtually waives the action of scire facias.

3. That at the time the mortgage on which this sci. fa. is issued was executed, to wit, November 25, 1891, Hester A. Anderson and D. G. Anderson, the mortgagors therein, were not the owners of the mortgaged premises; but on the contrary the title thereto at that time and for a long time prior thereto, was in Mary A. Stickel, your deponent, who acquired said title in the following manner:

Prior to the 27th day of February, 1891, the title to the said premises was in Hester A. Anderson by deed from James Hawthorne and wife, dated May 26, 1888, but on the said 27th day of February, 1891, the said premises were duly conveyed to deponent by the said Hester A. Anderson, under articles of agreement which were duly executed by the said Hester A. Anderson and in which her husband, D. G. Anderson, joined. A copy of said articles of agreement being hereunto attached and made part of this affidavit of defense.

4. That in the said articles of agreement deponent agreed to pay for the said property the sum of $1,300; and that deponent paid to the said Andersons the sum of $300 cash down on the said articles at the time of their execution, and continued to make payments to the amount of more than $518, until she accidentally discovered during the year 1894 that the

said Andersons had mortgaged the premises to the plaintiffs in this action, although the said Andersons well knew that they had previously sold the said premises to deponent.

5. That deponent went into possession of said premises on the 1st day of April, 1891, and made valuable improvements thereon to the amount of $800, and deponent was in possession of the said premises under said articles of agreement when the mortgage now in question was executed to the plaintiffs in this action, on the 25th day of November, 1891, and has been in continuous possession from the said 1st day of April, 1891, down to the present time.

6. That the mortgagees, plaintiffs in this action, had notice of deponent's title by reason of the possession of deponent as aforesaid.

All which deponent believes and expects to be able to prove on the trial of this cause.

Plaintiff entered a rule for judgment for want of a sufficient affidavit of defense, which was discharged by the court and no exception taken.

*Error assigned* was order discharging rule for judgment.

*J. R. Smith, C. C. Crowell* with him, for appellant.

*J. A. McCurdy, J. B. Cunningham* with him, for appellees.

PER CURIAM, January 6, 1896:

It does not appear that the refusal of the court below to enter judgment for want of a sufficient affidavit of defense was excepted to, as contemplated by the act of April 18, 1874, P. L. 64, under which this case was brought here. Waiving that requirement of the act, we are all of opinion that the rule for judgment was rightly discharged. But, assuming for argument sake, that the action of the court was at least doubtful, the result is the same. As was said in Griffith v. Sitgreaves, 81* Pa. 378, the act referred to " was intended to reach only clear cases of error in law, and thus prevent the delay of a trial." Much valuable time is lost and expense incurred in endeavoring to convict the court below of manifest error in cases where at

most there is merely a doubt as to the correctness of its decision. In such cases it is useless to insist on a reversal.

Writ dismissed at the costs of the plaintiff, but without prejudice, etc.