Arthur Holland, doing business under the firm name
of Holland & Co., Appellant, *v.* Sunbury Iron Works.

*Appeals—Refusal of judgment for want of sufficient affidavit.*

Appeals from the refusal to enter judgment for want of a sufficient affidavit of defense are intended to reach only clear cases of error of law and it requires very plain cause of error to sustain such an appeal.

A case is properly for the jury and judgment should be refused when there is necessity for a fuller explanation of the relations and obligations of the parties, than the statement and affidavit disclose.

*Practice, C. P.—Affidavit when required under act of* 1887.

The action being assumpsit and founded on an alleged breach of contract, plaintiff is entitled to an affidavit of defense under the act of 1887.

Argued Oct. 25, 1898.  Appeal, No. 25, Oct. T., 1898, by
plaintiff, from judgment of C. P. Northumberland Co., May T.,
1896, No. 275, refusing judgment for want of a sufficient affidavit of defense.  Before RICE, P. J., REEDER, W. W. PORTER and W. D. PORTER, JJ.  Appeal dismissed.

Assumpsit.  Before SAVIDGE, P. J.

It appears from the record that the plaintiff sold through a broker in Philadelphia 150 tons of steel slabs to defendants, the terms being, "cash on receipt of each car as it arrives."  Two carloads were delivered by the plaintiff and the shipments were made by the plaintiff subject to sight draft and bill of lading and the amounts thereof were duly paid by defendants.  Defendants subsequently, however, notified plaintiff's broker that they considered that the contract had been broken by reason of the shipment subject to sight draft and bill of lading and stated by letter as follows : " You having by your own action violated the contract and thus canceled it, any steel you send here will be subject to your order, as I will have no further dealings with you or the parties you claim to represent."  Plaintiff sold the balance of the steel for $18.50 and sued for the difference between that amount per ton and $22.50 per ton, aggregating $400.  Defendants in their affidavit set up that the words " demand draft against bill of lading " had been scratched out on the contract and the terms changed to cash on receipt of each car as it

.arrived; that no soft steel nail slabs were at any time shipped by the plaintiff to the defendants in pursuance of the contract referred to in the statement, nor did the defendants at any time refuse to accept the steel called for by the contract under the terms of the contract, but for the reason that the plaintiff refused to ship nail slabs in accordance with said contract, or ship any slabs without sight draft against bill of lading attached and consigned to the order of himself, the plaintiff, which was not in accordance with the contract as signed by deponent for and in behalf of the defendant corporation. Deponent further avers that by reason of the breach of the contract defendants' works were compelled to be shut for several weeks and defendants suffered great loss.

The court below discharged the rule for judgment, SAV-IDGE, P. J., filing the following opinion:

It seems to me this is not a case in which an affidavit of defense is required. Whilst an executory contract is within the affidavit of defense law, it is only where damages are liquidated and capable of being assessed without the intervention of a jury or the introduction of testimony, that an affidavit is required. In this case the damages are consequential and unliquidated. There is nothing in the contract or appearing from the dealings of the parties that would enable the prothonotary to fix them. We have only the statement of the plaintiff from which to fix the market price of steel at the time of the alleged breach. Being of this opinion, it is unnecessary to go into the question of the sufficiency of the affidavit filed. The rule is discharged. Plaintiff appealed.

*Error assigned* was discharging the rule for judgment for want of a sufficient affidavit of defense.

*A. P. Burgwin*, with him *J. C. Bucher* and *George C. Burgwin*, for appellant.—This was an action to recover damages for the breach of a written contract to convey land, and Judge ARNOLD, in the court of common pleas, No. 4, of Philadelphia county, rested his decision on the authority of Jones v. Gordon, 124 Pa. 263, and Landis v. W. P. R. R., 133 Pa. 579.

The statement sets forth the circumstances under which the

claim arises, and states explicitly the amount demanded: Blanchard v. Hunter, 7 Pa. C. C. R. 552.

No judgment may be entered for want of a sufficient affidavit of defense; plainly implying that if there is a specific statement of the damage sustained, judgment may be entered: Winkleblake v. Van Dyke, 161 Pa. 5.

The language of the affidavit of defense is vague and ambiguous, and it is doubtful what is meant by "the contract hereinbefore referred to."

If it refers to the prior oral agreement, then unquestionably any such prior agreement, even if made, would be merged in the subsequent written contract: Sennett v. Johnson, 9 Pa. 335; Harbold v. Kuster, 44 Pa. 392; Kirk v. Hartman, 63 Pa. 97; Wharton on Contracts, sec. 643; Wharton on Evidence, sec. 1014.

Parol evidence of this prior agreement cannot be received to contradict, vary or alter an instrument of writing, except to reform it on the ground of fraud, accident or mistake: Harbold v. Kuster, supra.

Consequently, defendants' attempt is to change a written contract by the addition thereto of an oral, contemporaneous and wholly inferential negative agreement on the part of plaintiff that "the goods were not to be shipped with demand draft against bill of lading," without alleging that the omission was caused by either fraud, accident or mistake.

*C. M. Clement*, with him *S. P. Wolverton*, for appellee.— Under the law the statement filed by the plaintiff did not require an affidavit of defense. Under the rule of court of Northumberland county the statement and affidavit must clearly show the plaintiff's right to recover and the exact amount: Byrne v. Hayden, 124 Pa. 170; Louchheim v. Maguire, 6 Pa. Superior Ct. 635.

If the statement of the cause of action was sufficient the affidavit of defense was sufficient. All the plaintiff's allegations are specially denied touching on their breach of contract. The courts do not encourage judgments for want of a sufficient affidavit of defense, when the affidavit of defense shows that the case is one that should go to trial before a jury: Griffith v. Sitgreaves, 81* Pa. 378.

Nor will the appellate courts sustain an appeal from the action of the court below in discharging the judgment for want of a sufficient affidavit of defense: Ensign v. Kindred, 163 Pa. 638; Murphy v. Taylor, 173 Pa. 317.

OPINION BY WILLIAM W. PORTER, J., January 18, 1899:

This action is founded upon an alleged breach of contract for the sale of certain steel nail slabs. It is, in form, assumpsit. Under the act of 1887, the plaintiff was, therefore, entitled to an affidavit of defense in reply to his statement of claim: Barr v. McGary, 131 Pa. 401; Market Co. v. Brooks, 163 Pa. 40.

This appeal is taken from the refusal of the court below to enter judgment for want of a sufficient affidavit of defense. The Supreme Court have repeatedly said, that an appeal in such a case is intended to reach only clear cases of error in law, and prevent the delay of a trial. "In doubtful cases, especially in those requiring broad inquiry into facts, where the court refuses judgment, the matter in controversy should go to the jury, as the proper tribunal to decide the cause under proper instructions from the court:" Griffith v. Sitgreaves, 81* Pa. 378; Radcliffe v. Herbst, 135 Pa. 568; Ætna Insurance Co. v. Confer, 158 Pa. 598; Ensign v. Kindred, 163 Pa. 638. In the two cases last cited, it was held, that it requires a very plain cause of error in law to sustain such an appeal. The decree being interlocutory, no injury, other than delay, can result to the complaining suitor.

There can be no difference of opinion in respect to the propositions thus laid down by the Supreme Court. Appeals, such as this, not infrequently result in greater delay than procedure in due course to a trial. They should not be encouraged.

For the purposes of the present consideration, the plaintiff has set out a good cause of action. To his allegations respecting the breach of contract by the defendant, the latter replies by affidavit, alleging a prior breach by the plaintiff, and that the defendant did not refuse to accept slabs shipped under the terms of the alleged contract. The correspondence (for some reason attached to the statement of claim) shows the necessity for a fuller explanation of the relations and obligations of the parties than the present pleadings disclose. Under these circumstances, the cause must be tried. Adopting the language

of Radcliffe v. Herbst, supra: "In view of the fact that the case may come here again upon another appeal, we decline to discuss its merits. It is sufficient to say that the affidavit discloses some facts that ought to be passed upon by the jury."

Appeal dismissed at the costs of the plaintiff without prejudice, etc.