## Kidder Elevator Interlock Company *v.* Muckle.

*Practice, C. P.—Affidavit of defense—Appeal from order discharging rule.*

An order discharging a rule for judgment for want of a sufficient affidavit of defense will not be reversed by the Supreme Court in doubtful and uncertain cases, but only in such as are very clear and free of doubt.

In an action upon a contract to pay royalties on a patent where the contract provides that the defendants may assign it to a corporation organized by them, an affidavit of defense is sufficient which avers that the contract

had been assigned to a corporation with plaintiff's approval and consent, and that the work on which royalties were claimed had been done by the corporation and not by defendants.

Argued Jan. 9, 1901. Appeal, No. 312, Jan. T., 1900, by plaintiff, from order of C. P. No. 2, Phila. Co., March T., 1900, No. 784, discharging rule for judgment for want of a sufficient affidavit of defense in case of Kidder Elevator Interlock Company v. M. R. Muckle et al., trading as M. R. Muckle, Jr., & Company. Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

From the record it appeared that on December 31, 1895, plaintiff entered into a written contract with defendants whereby it assigned all its patents to defendants, and defendants agreed to "pay to the said company five dollars per floor for each elevator equipped by them with any safety device whatever." Also, "said firm may at any time hereafter assign and convey all rights, powers and privileges hereby granted and acquired to a corporation to be by them hereafter organized, which corporation shall assume all of the obligations hereby imposed upon said firm."

The affidavit of defense averred that on April 11, 1896, defendants in writing assigned to the Standard Elevator Interlock Company, all of the rights, powers and privileges acquired by defendants under the contract of December 31, 1895, and that "said assignment was with plaintiffs' knowledge, approval and consent. None of the work of equipping elevators with safety devices covered by said contract was done by defendants, but all said work was done by said corporation, the Standard Elevator Interlock Company, under said assignment."

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*C. Andrade, Jr.*, with him *Sharp & Alleman*, for appellants.

*Ira J. Williams*, with him *Simpson & Brown*, for appellee.

Per Curiam, February 18, 1901:

This is an action of assumpsit in which the plaintiffs obtained

a rule for judgment to the amount of $1,850. Upon due consideration by the court the rule was discharged. The plaintiffs then appealed to this court alleging that the affidavit of defense is insufficient. An order discharging a rule for judgment for want of a sufficient affidavit of defense will not be reversed by the Supreme Court in doubtful and uncertain cases, but only such as are very clear and free of doubt: Ensign et al. to use of Paine v. Kindred, 163 Pa. 638. In Ætna Ins. Co. v. Confer, 158 Pa. 604, it was said, "It must be a very plain case of error in law, if we sustain appeals in such cases from the decree of the common pleas discharging the rule." The case at bar is within the rule established by the above cases.

Judgment affirmed.