# Philadelphia Typewriter & Supply Company, Appellant, *v.* Smith, Hutton & Kirk Company.

*Affidavit of defense—Refusal of judgment—Appeals—Review.*

An order refusing judgment for want of a sufficient affidavit of defense will not be reversed in a doubtful case, and especially in one requiring broad inquiry into facts. In such a case a jury is the proper tribunal to decide the cause under proper instructions from the court.

Submitted May 13, 1908. Appeal, No. 234, April T., 1908, by plaintiff, from order of C. P. Lawrence Co., Dec. T., 1907, No. 135, discharging rule for judgment for want of a sufficient affidavit of defense in case of Philadelphia Typewriter & Supply Company v. Smith, Hutton & Kirk Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

The plaintiff claimed the price of a typewriter sold and delivered to the defendant.

The affidavit of defense averred that the defendant admits the order and the delivery to it of the typewriter referred to in the plaintiff's statement of claim, and that the price charged is the price agreed upon for the same.

The defendant on January 12, 1907, was appointed by the plaintiff its selling agent in Lawrence county for the Fox typewriter. At the time that the defendant was so appointed, the plaintiff, through its agent and employees, represented to the defendant that the Fox typewriter was a durable type-

150 PHILA. T. & S. CO., Appellant, *v.* SMITH, ETC., CO.

Statement of Facts—Opinion of the Court. [37 Pa. Superior Ct.

writer and would do its work satisfactory, and that it was as good a typewriter as was on the market, and that all typewriters to be sent to the defendant would be in good working satisfactory condition.

With this understanding and agreement the defendant ordered Fox typewriters of the plaintiff as follows:

Five typewriters at several different times at the total price of $386.25 of which the defendant paid to plaintiff $303.75.

That the defendant sold one of the said typewriters.

That the said typewriters so received were not in a good working condition and are so poorly constructed that they will not do the ordinary work required of a typewriter, that on account of the defective condition of the said typewriters, they are not as represented by the plaintiff to the defendant, and have no market value as a typewriter.

That the four typewriters unsold, three of which were paid for by the defendant to plaintiff, are not as represented on account of their poor and defective construction, and the same are hereby tendered to the plaintiff. Defendant therefore claims of the plaintiff the sum of $228.75, being the amount paid to said plaintiff, viz.: $303.75, less the price of the typewriter sold by the defendant, viz.: $75.00, or $228.75, for which amount defendant claims judgment against plaintiff.

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*W. H. Falls*, with him *Pettis & McAllister*, for appellant.

*H. K. Gregory*, with him *T. W. Dickey*, for appellee.

OPINION BY BEAVER, J., October 12, 1908:

The Act of April 18, 1874, P. L. 64, allowing a writ of error to the refusal of judgment for want of a sufficient affidavit of defense was construed shortly after its passage in Griffith et al. v. Sitgreaves, 81* Pa. 378. It was said:

"The act of assembly, authorizing writs of error to be taken

when a court of common pleas refuses to enter judgment on the ground of the sufficiency of an affidavit of defense was intended to reach only clear cases of error in law, and thus to prevent the delay of a trial.   Its effect is often to produce two writs of error in the same cause, instead of one, and is not to be encouraged. Such writs should be confined to plain errors of law.   In doubtful cases, and especially in those requiring broad inquiry into facts, where the court refuses judgment, the matter in controversy should go to the jury as the proper tribunal to decide the cause, under proper instructions from the court."

This rule has been consistently followed in many later cases, notably Radcliffe v. Herbst, 135 Pa. 568; Ætna Ins. Co. v. Confer, 158 Pa. 598; Ensign et al. v. Kindred, 163 Pa. 638; Security Savings & Loan Assn. v. Anderson, 172 Pa. 305; Kidder Elevator Interlock Co. v. Muckle, 198 Pa. 388, which are all to the same effect.

Even if the argument of the appellant should raise a doubt as to the sufficiency of the affidavit of defense in this case, there is not such clear error on the part of the court below as should induce us to reverse its order in refusing to enter judgment for want of a sufficient affidavit of defense.

The order of the court below, refusing judgment for want of a sufficient affidavit of defense, is affirmed and the appeal dismissed at the costs of the appellant.