Wilson, Appellant, v. Bryn Mawr Trust Company.

225   143
f41SC 238

*Practice, C. P.—Affidavit of defense—Order discharging rule—Appeals.*

An order discharging a rule for judgment for want of a sufficient affidavit of defense will not be reversed by the Supreme Court in doubtful and uncertain cases, but only such as are very clear and free of doubt.

Argued Feb. 2, 1909. Appeal, No. 14, Jan. T., 1909, by plaintiff, from order of C. P. Montgomery Co., March T., 1908, No. 25, entering judgment for part of plaintiff's claim on rule for judgment for want of a sufficient affidavit of defense in case of George B. Wilson v. Bryn Mawr Trust Company. Before FELL, BROWN. MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

The facts relating to this appeal were thus stated by SWARTZ, P. J., who heard the case in the court below.

The damages claimed are as follows:

| | |
|---|---:|
| Purchase money paid, less $87.50 | $11,186.35 |
| Interest on same from April 18th, 1907. | |
| Examination of title and recording deeds | 50.00 |
| Road tax $55.33, county tax $97.26, interest on mortgage | 610.56 |
| Loss because of increased value of farm | 23,970.75 |
| Loss on sale of Hagy farm | 12,325.40 |

The interest of the insured which was covered by the policy was that of owner in fee of the property. As the grantee received no title or interest of any value, the basis of his loss is the true value of the property insured: Foehrenbach v. Title & Trust Co., 217 Pa. 331. The plaintiff, however, can recover nothing beyond the face of his policy, and his damages are confined to the actual loss sustained. If he paid $34,000 for the property and the farm had no value beyond the amount so paid, his loss is represented by the consideration paid. Only one-third of the consideration was paid and the balance is represented by a mortgage given by Mr. Henry. Plaintiff claims as part of his loss, this one-third of the consideration which he paid in cash. He had the use of the farm, and we do not see how he can claim as part of his loss, the taxes and interest on his investment, unless he furnishes us with an account of the income of the farm. If the income exceeded the sum paid out for taxes, interest and expenditures, he sustained no loss on this branch of his claim. We cannot assume that the use of the farm has no value.

The claim for damages for the excess of the market value of the farm over the price paid, is disputed not because the item is not a proper element of damages, but because no such excess in fact it is averred can be shown. The averments of the affidavit of defense are not as specific upon this point as they should be, but an allegation that the sum of $1,050 per acre is a full price for the farm is in effect an averment that such price is its market value. When we say that an owner received a

full price for his property, we mean ordinarily that he sold it at its fair market value. When an affidavit of defense discloses facts sufficient to indicate a good defense we are not in the habit of entering judgment without an opportunity to file a supplemental affidavit. This question of market value is eminently one for the jury and not for the court.

The defendant denies that it had any knowledge of the alleged agreement between the plaintiff and Joseph J. Baughman for the sale of the Pinkerton farm at the time the policy of insurance was issued. We think the affidavit of defense is sufficient for all the claim of the plaintiff other than the sum of $11,186.36 and the item for conveyancing, $50.00, and on this latter item the plaintiff is entitled to interest from April 18, 1907.

Judgment is accordingly entered for the plaintiff for the sum of $11,240.99 with leave to proceed to trial before a jury for the balance of his claim.

*Error assigned* was the order of the court.

*John G. Johnson,* with him *Maurice Bower Saul* and *Nicholas H. Larzelere,* for appellant.

*E. H. Hall* and *Montgomery Evans,* with them *Henry M. Brownback,* for appellee.

OPINION BY MR. JUSTICE POTTER, June 22, 1909:

We have here the appeal of the plaintiff, from the same judgment as that from which we have just considered the appeal of the defendant, the Bryn Mawr Trust Company. Upon the motion of the plaintiff, judgment for want of a sufficient affidavit of defense was entered for the sum of $11,240.99, the amount of the purchase money paid by the plaintiff and his conveyancing expenses, with leave to proceed to trial before a jury for the balance of the claim.

This would involve the determination of questions of fact, and the rule for judgment seems to us to have been properly disposed of, by the court below. We have often said that the ruling of the trial court in a case of this kind, will only be disturbed in cases where the statement of claim and the

affidavit of defense, raise a pure question of law, and clear error has been committed.

In Ætna Ins. Co. v. Confer, 158 Pa. 598, Justice DEAN said (p. 604): "It must be a very plain case of error in law, if we sustain appeals in such cases as this, from the decree of the common pleas discharging the rule. The decree being interlocutory, no injury can result to the complaining suitor other than delay of final judgment. Besides, it is doubtful whether the act of assembly authorizing these appeals has not, on the whole, aggravated delay."

In Paine v. Kindred, 163 Pa. 638, Justice GREEN, after quoting the above language, said (p. 643): "We do not mean to interfere where rules for judgment have been discharged in the lower courts, in doubtful and uncertain cases, but only in such as are very clear and free of doubt, as we have frequently said."

In Security S. & L. Assn. v. Anderson, 172 Pa. 305, it was said, per curiam (p. 307): "We are all of opinion that the rule for judgment was rightly discharged. But, assuming for argument sake, that the action of the court was at least doubtful, the result is the same. As was said in Griffith v. Sitgreaves, 81* Pa. 378, the act referred to 'was intended to reach only clear cases of error in law, and thus prevent the delay of a trial.' Much valuable time is lost and expense incurred in endeavoring to convict the court below of manifest error in cases where at most there is merely a doubt as to the correctness of its decision. In such cases it is useless to insist on a reversal."

In Kidder Elevator Interlock Co. v. Muckle, 198 Pa. 388, it was said, per curiam (p. 390): "An order discharging a rule for judgment for want of a sufficient affidavit of defense will not be reversed by the Supreme Court in doubtful and uncertain cases, but only such as are very clear and free of doubt."

In the present case we cannot say that the right of the plaintiff to recover a larger sum than that for which judgment was entered, is clear, or free from doubt. The assignment of error is therefore overruled, and the judgment is affirmed.