# Beck, Appellant, v. Schekter.

*Affidavit of defense—Rule for judgment—Appeals—Act of April 18, 1874, P. L. 64.*

1. The Act of April 18, 1874, P. L. 64, allowing an appeal from an order discharging a rule for judgment for want of a sufficient affidavit of defense, was intended to reach only clear cases of error in law, and thus prevent the delay of a trial.

2. In a suit brought against the owners of certain land to recover the principal of a dower fund alleged to have been charged on it by a deed executed subsequently to partition proceedings, where the intention of the parties to such deed is left in doubt by misrecitals and unskillful conveyancing in the deed itself and in subsequent conveyances, and such uncertainty may be cleared up by parol evidence a rule for judgment for want of a sufficient affidavit of defense is properly dismissed.

Argued Jan. 3, 1912. Appeal No. 92, Jan. T., 1911, by plaintiff from order of C. P. No. 2, Phila. Co., Dec. T., 1910, No. 2162, discharging rule for judgment for want of a sufficient affidavit of defense in case of Sarah A. Beck v. George Schekter and Meyer Bernstein. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit to recover charge on land. Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Supreme Court states the case.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*Joseph R. Embery,* with him *Richard Crankshaw, Jr.,* for appellant.

*Theodore F. Jenkins,* for appellees.

OPINION BY MR. CHIEF JUSTICE FELL, March 18, 1912:
In Griffith v. Sitgreaves, 81* Pa. 378, the earliest case

that reached this court under the act of April 18, 1874, P. L. 64, allowing an appeal from an order discharging a rule for judgment for want of a sufficient affidavit of defense, it was said that the act was intended to reach only clear cases of error in law and thus prevent the delay of a trial; that since its effect was often to produce two appeals in the same cause, writs of error for the refusal of judgment were not to be encouraged and that in doubtful cases, especially those requiring broad inquiry into facts, the matter in controversy should go to the jury. This ruling has been approved and followed in a long line of cases among the more recent of which are Leiby v. Lutz, 224 Pa. 377 and Wilson v. Trust Co., 225 Pa. 143. In Radcliffe v. Herbst, 135 Pa. 568, in commending the first ruling upon the subject and referring to the growing practice to bring up cases on the refusal of the court to enter judgment it was said, "The instances are rare where any benefit results therefrom; frequently the cases could have been tried below in less time than is required to bring them here on appeal. The practical effect of such a mode of practice is to delay, instead of speeding causes and to add materially to the expense of litigants."

This action was brought to recover the principal of a dower fund alleged by the plaintiff to have been charged on the land of the defendants. In 1873, by a decree in partition proceedings, the real estate of a decedent was apportioned among his four children in practically equal shares. The purpart of one of his children, the plaintiff, consisting of four tracts, was charged with owelty of a few dollars, which she paid, and with the interest of the sum of $4,067, to be paid annually to the widow during her life in lieu of her dower. In 1886 the widow and the plaintiff agreed to an apportionment of the dower charged on the four properties taken by the plaintiff and an amount was agreed upon as to each property, the interest on which was to be paid annually, and the widow covenanted that she would accept the

interest on each amount in full satisfaction of her dower. In 1887 the plaintiff sold two of the properties under and subject to the dower as apportioned in said deed and the interest thereon. In the deed of apportionment and in subsequent conveyances of the properties down to the defendants the decree was misrecited to the effect that the widow had agreed with the plaintiff that a sum named would be accepted with interest thereon in lieu of dower. In their affidavit of defense, the defendants denied that they had at any time agreed, expressly or by implication to pay the sum claimed and averred that they had bought with the understanding that the property was subject to the dower of the widow and that upon her death it would be free of any reservation or charge.

In the foregoing recital of facts we have referred only to so much of the conveyances as is necessary to disclose the nature of the controversy and the basis of the plaintiff's claim. Upon the merits of the defense we express no opinion. The decree in partition made no charge of the principal sum, but of the interest only. The partition being in equal shares there was no reason for charging the principal of the dower on the purparts: Williams v. White, 35 Pa. 514, and the widow had no power to make a charge. It may have been the intention of the parties to the deed of 1887 to fix a new charge on the land but this is left in doubt by misrecitals and unskillful conveyancing. The case is one which may be cleared up by parol evidence but because of ambiguity the rights of the parties are not so fixed by the deed that they can be determined on a rule for judgment.

The judgment is affirmed.