# Ketcham, Appellant, v. Green.

*Affidavit of defense—Sufficiency—Rule for judgment for want of affidavit of defense—Discharge of rule—Appeal—Act of April 18, 1874, P. L. 64.*

The Act of April 18, 1874, P. L. 64, authorizing an appeal from an order of the court of common pleas, refusing judgment for want of a sufficient affidavit of defense, is applicable to clear cases only. It was not intended to impose on the appellate court the duty of drawing fine distinctions and of compelling it to reach conclusions by subtle processes of reasoning.

The ruling of the trial court in cases of this kind will only be disturbed, where the statement of claim and the affidavit of defense raise a pure question of law, and clear error has been committed.

Argued December 12, 1921. Appeal, No. 291, Oct. T., 1921, by plaintiff, from order of C. P. No. 2, Phila. Co., Dec. T., 1920, No. 1959, M. L. D., discharging rule for judgment for want of a sufficient affidavit of defense in the case of O. W. Ketcham v. Philip Green. Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Scire facias sur mechanic's lien.

From the record it appeared that the plaintiff filed a mechanic's lien for a balance due for building materials delivered under the provisions of a written contract, and issued a sci. fa. thereon. Defendant filed an affidavit of defense admitting delivery, but alleging that the specifications of the architect were not complied with and that certain of the materials furnished were defective. It further alleged that a contemporaneous parol agreement

370      KETCHAM, Appellant, *v.* GREEN.

Statement of Facts—Opinion of the Court. [78 Pa. Superior Ct.
had been made with an authorized agent of the plaintiff
changing the written contract and also claimed a set-off
for the cost of tearing out and replacing defective material.

The plaintiff thereupon took a rule for judgment for
want of a sufficient affidavit of defense, which the court,
after hearing, discharged. Plaintiff appealed .

*Error assigned* was the order of the court.

*Joseph G. Magee,* for appellant.

*G. C. Ladner,* of *Ladner & Ladner,* for appellee.

OPINION BY HEAD, J., April 17, 1922:

The action was scire facias sur mechanics' lien. An
affidavit of defense was filed and thereafter the plaintiff
took a rule for judgment for want of a sufficient affidavit. After argument and due consideration the rule
was discharged and the plaintiff appeals.

We have attentively examined the affidavit in the light
of the Act of 1874 and the decisions of the courts construing it. The viewpoint of the appellate court, in such
case, is well stated by our Brother HENDERSON in Fronefield v. Fry, 51 Pa. Superior Ct. 403 : "The Act of April
18, 1874, P. L. 64, authorizing an appeal from an order
of the court of common pleas refusing judgment for
want of a sufficient affidavit of defense is applicable to
clear cases only. It was not intended to impose on the
appellate court the duty of drawing fine distinctions and
to reach conclusions by subtle processes of reasoning."
It is again declared by Mr. Justice POTTER in Wilson v.
Bryn Mawr Trust Co., 225 Pa. 143 : "We have often said
that the ruling of the trial court in a case of this kind,
will only be disturbed in cases where the statement of
claim and the affidavit of defense, raise a pure question
of law, and clear error has been committed." See also
Ætna Ins. Co., v. Confer, 158 Pa. 598; Paine v. Kindred,

369, (1922).] Opinion of the Court.

163 Pa. 638; Kidder Elevator Interloc. Co. v. Muckle, 198 Pa. 388. We are all of opinion the affidavit in the case at bar fairly discloses a defense sufficient to prevent a summary judgment and to carry the case to a trial in the ordinary course of procedure. In such cases the sound and well recognized policy of the appellate courts is to express no opinion on the merits of the case.

The appeal is dismissed at the costs of the plaintiff but without prejudice to his right, etc.