## Root, Appellant, *v.* Hershey.

*Affidavit of defense—Sufficiency—Judgment for want of—Appeals—Refusal of appellate court to reverse.*

On appeal from discharge of rule for judgment for want of a sufficient affidavit of defense, the appellate court will not interfere in doubtful or uncertain cases, but only in such as are very clear and free from doubt.

It must be a very clear case of error in law, as applied to facts admitted or not properly traversed, if the appellate court is to sustain an appeal from the decree of the common pleas discharging the rule.

Where the plaintiffs base their rights on an oral contract, but the details of the covenants of that contract and of the circumstances under which it was made do not appear in the pleadings, the rights of the parties may depend upon nice shades of testimony, the credibility of witnesses, or upon facts and circumstances which cannot now be foreseen and which may be controlling in determining the result.

Argued November 9, 1925. Appeals Nos. 318 and 319, October T., 1925, by plaintiff from judgment of C. P. Lancaster County, March T., 1925, Nos. 50 and 51, March T., 1925, in the cases of J. W. Root and S. N. Root v. Samuel Hershey and B. Frank Kready, Receivers for the Lancaster County Farmers Supply Company. Before Porter, Henderson, Trexler, Keller, Linn and Gawthrop, JJ. Affirmed.

Replevin to recover 658 bushels of oats. Before Hassler, J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense.

The court discharged the rule. Plaintiffs appealed.

*Error assigned* was the decree of the court.

*Guy K. Bard,* for appellant.

*H. Frank Eshleman,* and with him *M. E. Musser,* for appellee.

PER CURIAM, November 18, 1925:

These appeals are from orders of the court below, discharging rules for judgment for want of a sufficient affidavit of defense. The appeals present only the same questions, were argued together in this court, and may properly be disposed of by one order. The facts set forth in the statements of the plaintiffs and the affidavits of defense, in the respective cases, present a very close case, which is altogether too doubtful in its character to justify us in interfering with the action of the court below. The statute which authorizes an appeal in cases of this character was intended to reach only clear cases of error in law, and thus to prevent the delay of trial. It must be a very clear case of error in law, as applied to facts admitted or not properly traversed, if the appellate court is to sustain an appeal from the decree of the common pleas discharging the rule. In the present cases the appellants base their rights on an oral contract, but the details of the covenants of that contract and of the circumstances under which it was made do not appear in the pleadings. The contract was, in each case, for a definite quantity of oats, but it cannot be said to distinctly appear that the oats were then in the actual possession of either of the parties to the contract, nor that the said oats were an undivided part of a specific mass. The rights of the parties may depend upon nice shades of testimony, the credibility of witnesses, or upon facts and circumstances which cannot now be foreseen and which may be controlling in determining the result. Such possibilities are entirely within the scope of the facts as set out in the statements and affidavits of defense. The appellate courts will not interfere, where rules for judgment for want of a sufficient affidavit of defense have been discharged in the lower courts, in doubtful and uncertain cases, but only in such as are very clear and free from doubt: Paine v. Kindred, 163 Pa. 638.

The appeals are dismissed, at cost of the respective appellants, without prejudice, etc.