# Leavitte et al., Appellant, *v.* Drive-It-Yourself Company.

*Appeals—Affidavit of defense—Refusal of judgment—Practice Superior Court.*

An appeal from a refusal to enter judgment for want of a sufficient affidavit of defense will be dismissed, where the appellate court cannot say that it is clear and free from doubt that the court below erred in the order discharging the rule.

Argued November 12, 1925. Appeal No. 326 October T., 1925, by plaintiff from judgment of C. P. No. 2 Philadelphia County, June T., 1925, No. 9, discharged rule for judgment for want of a sufficient affidavit of defense, in the case of Jerome J. Leavitte and Cecil Rudin, Co-partners, Trading as Iron City Wiping Materials Company v. Drive-It-Yourself Company, a Maryland corporation. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense. Before STERN, J. and GORDON, J.

The opinion of the Superior Court states the case. Rule discharged. Plaintiff appealed.

*Error assigned* was the order of the court, quoting it.

*James Yearsley,* for appellant.

*Frank A. Chalmers,* and with him *Millard K. Goe,* for appellee.

OPINION BY KELLER, J., December 14, 1925:

This foreign attachment in assumpsit was issued to recover the price of certain sponges and chamois sold and delivered the defendant. The appeal is taken from the refusal of the court below to enter judgment for want of a sufficient affidavit of defense.

The Supreme Court has repeatedly said that an appeal in such case is intended to reach only clear cases of error in law and prevent the delay incident to a trial: Wilson v. Bryn Mawr Trust Co., 225 Pa. 143; Griffith v. Sitgreaves, 81 Pa. 378; Kidder Elevator Interlock Co. v. Muckle, 198 Pa. 388. In Holland v. Iron Works, 9 Pa. Superior Ct. 261, after referring to the above rule, we said: "Appeals, such as this, not infrequently result in greater delay than procedure in due course to a trial. They should not be encouraged."

After reading the statement of claim and the affidavit of defense, and giving full consideration to the argument of counsel for the appellant, we cannot say it is "clear and free from doubt" that the court below erred in the order complained of; and following the practice of the Supreme Court (Brown v. Unger, 269 Pa. 471, 472; Snyder v. Baer, 282 Pa. 291, 292) we

shall not discuss the facts or the applicable rules of law until called upon to do so after an opportunity is had to develop the former at trial.

The appeal is dismissed, without prejudice, etc.