## The No. 2 Assistance Building and Loan Association, Appellant, *v.* Henry K. Wampole.

*Appeals—Refusal of judgment—Practice on review.*

The appellate court will not interfere, where rules for judgment have been refused, in doubtful and uncertain cases, but will do so where the case is clear and free from doubt.

*Practice, C. P.—Sufficiency of affidavit—Landlord and tenant—Sheriff's sale of leased property.*

The plaintiff's statement showing liability for rents accruing, subsequent to sheriff's sale, by tenant to sheriff's vendee, who was also assignee of the lease from the former owner, an affidavit is insufficient which admits notice of plaintiff's claim for rent, a payment of rent after such notice and a notice of intended discontinuance after expiration of the current year, and which attempts to limit and modify the effects of such acts by stating reasons which influenced such conduct at the time. Intentions in such cases are not the subject of inquiry. The court can only inquire into the legal effect of admitted facts.

Argued Oct. 5, 1897. Appeal, No. 29, Oct. T., 1897, by plaintiff, from order of C. P. No. 2, Phila. Co., Dec. T., 1896, No. 187, discharging rule for judgment for want of a sufficient affidavit of defense. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Reversed.

Appeal from judgment of magistrate in a suit for rent under a lease.

It appears from the record that a statement of claim was filed by the plaintiff to which the defendant demurred. This demurrer was overruled by the court below, with leave, whereupon the defendant filed an affidavit of defense; upon which the plaintiff took a rule for judgment, which rule the court discharged and an exception was taken thereto by the plaintiff under the act of assembly.

From the plaintiff's statement the following allegations appear:

Henry K. Wampole, the defendant, was the lessee under a lease for a factory building from James A. Weir, landlord, for one year from February 1, 1895, at the rent of $100 per month (reduced by the parties to $75.00 per month).

The premises were sold by the sheriff as of the landlord, Weir, to the building association, a mortgagee, the plaintiff herein, and the lease was assigned by Weir to the plaintiff, after the sheriff's deed was acknowledged. After that assignment, Wampole paid the rent, $75.00 per month, to the building association for several months, and, afterwards, on August 26, 1896, gave written notice to the association that he wished the lease discontinued after the expiration of the current term (February 1, 1897), the lease containing a provision for renewal until notice should be given.

He paid the rent up to and including that due October 1, 1896, but refused to pay that falling due November 1, 1896, $75.00, and it was for that amount that this suit was brought.

To the statement, the defendant filed a special demurrer, and the court overruled it with leave, etc. He then filed an affidavit of defense which was as follows :

That he is the defendant in the above entitled cause and has a just and true defense to the whole of the plaintiff's claim, of the following nature and character, to wit:

That at the time the lease was entered into by him with James A. Weir, on February 1, 1895, there was a mortgage executed by the said James A. Weir, against the said demised premises, dated September 1, 1891.

That on March 24, 1894, a judgment was entered against the said James A. Weir, and that the said premises were sold at sheriff's sale, to the plaintiff, on the 2d day of March, 1896, and a deed therefor made by the sheriff to the said plaintiff, dated March 7, 1896.

That the said defendant occupied said premises together with his partner, Frank V. Wireman, for a few months, but the said Henry K. Wampole and Frank V. Wireman dissolved partnership, and that deponent left said premises at least three months prior to the date of said sheriff's sale, so that when the said sale was made he was no longer in possession of said premises, and the rent for said premises had been paid by Frank V. Wireman to James A. Weir, the then owner of the building, and accepted by him, and subsequent to the sale he paid it to plaintiff, who thereby accepted said Wireman as their tenant.

Your deponent did not know that said premises had been

sold at sheriff's sale to the No. 2 Assistance Building & Loan Association, or to any one, until five months subsequent to said sale, to wit: on the 20th day of August, when the agent of plaintiff called upon him and informed him of these facts, and he thereupon, being unadvised as to his rights, paid to said agent of plaintiff the sum of $25.00, and which was the only sum paid by your deponent to plaintiff.

Your deponent did not pay this under the lease, or because he was bound by the lease, but because at that time he thought he might have been responsible for the occupancy of the premises by his previous partner.

That thereupon, or a few days thereafter, to wit: on the 26th of August, he notified the plaintiff that he was not responsible under said lease and wished it discontinued. Such notice was not intended as, nor did it convey, any agreement or undertaking to be responsible under said lease or any engagement that he was so responsible, but that, on the contrary, your deponent neither made any agreement to become responsible under said lease, and never occupied said premises or paid any rent to the plaintiff under said lease. He has always repudiated any obligation to be bound by said lease and still does. There was never any agreement between him and the plaintiff either by any communication or contract, verbal or written, whereby he agreed to be or become the tenant of said plaintiff, or be bound by the provisions of the said lease.

All of which your deponent believes to be true, and therefore avers and expects to be able to prove upon the trial of the cause.

*Error assigned* was refusal to enter judgment against the defendant for want of a sufficient affidavit of defense.

*J. H. Sloan*, for appellant.—It is submitted that, even if there had not been an assignment of the lease to the plaintiff, it had a right as sheriff's vendee to affirm the lease under the Act of June 16, 1836, sec. 119, P. L. 755, which gives the same remedies to recover rent as the defendant in the execution had. See 1 Pepper & Lewis' Dig. title "Execution," page 1993, sec. 164, and authorities cited. It is unnecessary, however, to consider this aspect of the question in view of the assignment of the lease by the defendant in the execution to this plaintiff.

*J. Campbell Lancaster*, for appellee.—There is but a narrow question of law raised by the facts in this case, and that is whether the Act of June 16, 1836, P. L. 755, par. 119 (1 P. & L. Dig. pp. 1993–4, par. 164), has altered the rule of the common law as to the effect upon a tenant under a lease, by reason of the sale of the leased premises under an incumbrance antedating said lease.    See on this point Funk v. Voneida, 11 S. & R. 109, particularly the opinion of Mr. Justice DUNCAN, on page 112, citing the cases of Levett v. Withrington, 1 Lutw. 97 ; Maule v. Ashmeade, 20 Pa. 482 ; Jackson & Gross on Landlord and Tenant, par. 1015.

While there are no cases on this doctrine precisely, the theory is borne out in Duff v. Wilson, 69 Pa. 316, in which it was held that there could be no recovery against the surety of a lessee, where the demised premises had been sold at a sheriff's sale under a mortgage antedating the lease.

OPINION BY BEAVER, J., December 13, 1897 :

The error complained of by the appellant is the refusal of the court below " to enter judgment against the defendant for want of a sufficient affidavit of defense." The grounds upon which this refusal was based are not given and we are left, therefore, to seek them in the plaintiff's statement and the defendant's affidavit of defense.

Appeals under the provisions of the act of April 18, 1874, P. L. 64, have not been favored by the Supreme Court. From Griffith v. Sitgreaves, 81* Pa. 378, one of the earlier cases, to Paine v. Kindred, 163 Pa. 638, the decisions have been practically uniform. We may say, in the language of the latter case : " We do not mean to interfere where rules for judgment have been discharged in the lower courts in doubtful and uncertain cases, but only in such as are very clear and free of doubt." But where there is a case clear and free of doubt our duty is not doubtful.

The plaintiff's statement shows it clearly entitled to the rents, accruing subsequent to the sheriff's sale, under the lease from Wier to Wampole, in accordance with the provisions of the 119th section of the Act of June 16, 1836, P. L. 755. Does the affidavit of defense, giving the fullest effect to its statements,

raise any issue of fact between the plaintiff and the defendant? We think not.

The plaintiff, as is admitted by the defendant, gave notice subsequently to the sale of its claim for rent, which was in effect an exercise of its option to make him its tenant. The defendant practically admitted the claim by paying part of the rent. He endeavored to limit or modify the effect of this payment by stating the reasons which influenced him to make it. These, however, were based entirely upon mental states and processes which could not, in the nature of the case, be given in evidence on the trial of the cause.

His acknowledgment of the lease and of his obligation thereunder are further shown by the notice given by him to the plaintiff, in accordance with the terms of the lease, of his desire to have it discontinued after the expiration of the then current year. What his intention may have been in giving this notice is not the subject of inquiry. We can only inquire as to the legal effect of the admitted fact.

There can be no question as to the plaintiff's right to recover : Menough's Appeal, 5 W. & S. 432. It was not only the purchaser at sheriff's sale but was the assignee of the lease. The defendant admitted its right to the rent by a payment in part and by doing such acts under the lease as were inconsistent with the claim of non-liability thereunder.

Under the statement and affidavit of defense, there are no facts for a jury and, as we view the law of the case, the plaintiff is entitled to judgment.

The decree of the court below is, therefore, reversed and judgment is now directed to be entered for the plaintiff and against the defendant for such sum as to right and justice may belong; unless other legal or equitable cause be shown to the court below why such judgment should not be so entered.

A motion for reargument was made which was refused.

PER CURIAM, January 18, 1898 :

"The effect on the lease of the sale under a prior incumbrance" was not overlooked in the consideration of the case nor in the opinion filed therein. It is expressly stated that "The plaintiff's statement shows it clearly entitled to the rents accruing

subsequent to the sheriff's sale under the lease from Weir to Wampole in accordance with the provisions of the 119th section of the Act of June 16, 1836, P. L. 755." It is further considered in the latter part of the opinion, in which it is stated : " There can be no question as to the plaintiff's right to recover : Menough's Appeal, 5 W. & S. 432 (1843). It was not only the purchaser at the sheriff's sale but was the assignee of the lease. The defendant admitted its right to the rent by a payment in part and by doing such acts under the lease as were inconsistent with the claim of nonliability thereunder."

Duff v. Wilson, 69 Pa. 316, has no possible application here. In that case the sheriff's vendee elected to disaffirm the lease and took possession of the premises, thereby evicting the tenant, but Mr. Justice SHARSWOOD distinctly says that " The purchaser at the sheriff's sale might have affirmed the lease and required the rent to be paid to him, as assignee of the reversion." The purchaser at sheriff's sale under an incumbrance prior to the lease can affirm or disaffirm the lease at his pleasure. In this case the building association chose to affirm it and hold the defendant as its tenant and, in effect, exercised its option by demanding the rent.

The whole case was fully considered and all the points raised in the original hearing sufficiently met in the opinion already filed. The motion for the reargument is therefore denied.