## Samuel P. Ferree, trading as Street Railway Advertising Company, Appellant, v. Samuel Young.

*Practice, Superior Court—Refusal of judgment on affidavit.*

The appellate courts will not review the action of the courts below in discharging a rule for want of a sufficient affidavit of defense unless it be a very plain case of error of law.

*Practice, C. P.—Sufficiency of affidavit alleging fraud.*

An affidavit is sufficient which alleges representations which were in effect fraudulent, made by plaintiff for the purpose of inducing the defendant to execute a contract and a rescission of alleged contract upon discovery of the alleged fraud. Such affidavit raises questions of fact which cannot be determined by an appellate court.

308 FERREE *v.* YOUNG.

Statement of Facts—Opinion of the Court. [6 Pa. Superior Ct.

Argued Dec. 15, 1897. Appeal, No. 156, Oct. T., 1897, by plaintiff, from order of C. P. No. 2, Phila. Co., June T., 1897, No. 686, discharging rule for judgment for want of a sufficient affidavit of defense. Before WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

The plaintiff claimed on a contract for advertising in street cars the sum of $112.50. The court below discharged the rule for judgment for want of a sufficient affidavit of defense, filing no opinion. Defendant appealed.

*Error assigned* was to the order of the court discharging the rule.

*C. F. Gummey, Jr.*, for appellant.—The principle involved in this case has already been decided by this court in Hand v. Russell, 1 Pa. Superior Ct. 165. A case almost identical with the one under discussion is Hallowell v. Lierz, 171 Pa. 577.

*Wm. H. Wood*, for appellee.—Where the positive averments, considered with reference to the written contract, show that the oral agreement induced the signing of the written one, the affidavit is sufficient: Keough v. Leslie, 92 Pa. 424.

Plaintiff could not repudiate the fraud and yet retain the benefit of the contract: Jones v. Bldg. Assn., 94 Pa. 215; Meyerhoff v. Daniels, 173 Pa. 555.

An order refusing judgment for want of a sufficient affidavit of defense, will only be reversed in a very plain case of error in law: Radcliffe v. Herbst, 135 Pa. 568; Ins. Co. v. Confer, 158 Pa. 598; Paine v. Kindred, 163 Pa. 638.

OPINION BY SMITH J., January 18, 1898:

. The plaintiff appeals from the decree of the court below discharging a rule for judgment for want of a sufficient affidavit of defense. This court has followed the rule of the Supreme Court in this class of appeals: " It must be a very plain case of error in law, if we sustain appeals in such cases as this, from the decree of the common pleas discharging the rule: " Ætna Ins. Co. v. Confer, 158 Pa. 598. The affidavit of defense avers,

that the plaintiff's agent procured the defendant to advertise, on the representation that the plaintiff had room in the street cars for just one coal advertisement, and only one, and that if the defendant would place an advertisement with the plaintiff no other coal advertisement would be placed in the cars during the defendant's contract. The affidavit further avers that the defendant relied upon this assurance and was induced thereby to sign the contract; that the plaintiff, notwithstanding the representation and promise, put the defendant's advertisement with those of other coal dealers in the same cars; and that the defendant notified the plaintiff, as soon as he could do so, to remove his advertisement, as it was obtained through fraud and misrepresentation, and he would not pay for it. The affidavit is expanded with the elaborate phraseology frequently employed in those instruments, but we give the substance. The learned court refused to declare the affidavit insufficient, and we are therefore asked to hold that this ruling presents "a very plain case of error in law," which calls for correction. This we cannot do. The affidavit alleges representations which were in effect fraudulent, made by the plaintiff's agent for the purpose of inducing the defendant to execute the contract, and a rescission of the alleged contract upon discovery of the alleged fraud. This raises questions of fact which cannot be determined by an appellate court.

The decree discharging the rule for want of a sufficient affidavit of defense is affirmed.