## James H. Shea, Appellant, *v.* Guilliam A. Wells.

*Appeals—Review of discretion in refusing judgment for part of claim.*

The act of 1874, allowing a writ of error from an interlocutory order refusing judgment for want of a sufficient affidavit of defense was intended to reach only clear cases of error in law, and thus prevent the delay of a trial. A fortiori should this be the rule on appeals from the refusal to enter judgment for part of the demand (assuming that the statute allows such appeals, a point not decided) and the plaintiff has the security of a lien.

*Practice, C. P.—Motion for judgment for part of claim.*

Where a plaintiff moves for judgment for part of his demand under the Act of July 15, 1897, P. L. 276, good practice requires him to specify the part as to which he claims the affidavit of defense to be insufficient and to set this forth in the rule to show cause.

Argued Oct. 14, 1898. Appeal, No. 124, Oct. T., 1898, by plaintiff, from judgment of C. P. No. 4, Phila. Co., March T., 1898, No. 82, M. L. D., refusing judgment for part of plaintiff's claim alleged to be admitted by the affidavit. Before RICE, P. J., REEDER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Sci. fa. sur mechanic's claim.

It appears from the record that an apportioned lien for $153.11 was filed against defendant's premises upon which a sci. fa. was issued. Defendant filed an affidavit of defense alleging an agreement by which plaintiff was to receive part cash and $1,300 in the equity of a house and alleging that all cash payments with the exception of $80.00 had been made, leaving a balance of $1,300 payable in the equity of the said house, and setting

forth that the defendant had been ready to make, execute and deliver to the said claimant a deed for the property to which he was entitled, in accordance with the contract, but that the said claimant though under his contract he was to prepare the title papers and the deed, had never done so, nor had he ever demanded the said house, nor tendered to defendant a deed for the same to be executed by him.

Plaintiff then took a rule on defendant to show cause why judgment should not be entered for that amount as to which the court should adjudge the affidavit of defense to be insufficient.

The court below discharged plaintiff's rule for judgment as to the amount as to which the affidavit of defense was alleged insufficient, and plaintiff appealed.

*Errors assigned* were (1) discharging plaintiff's rule. (2) In not giving judgment for plaintiff in the sum of $250 as to lot No. 1 on the lien.

*G. Von Phul Jones*, for appellant.—The plaintiff issued a sci. fa. as to lot No. 1 only, to show cause why the sum of $153.16 should not be levied on said house and lot. The defense set up in the affidavit is, that the defendant has paid all but $80.00 on the other houses referred to in the agreement. But no payments of any kind are claimed on the houses in suit on Glenwood avenue, of which lot No. 1 is one. Plaintiff claims that judgment should have been entered by the court for the sum of $150, that being the amount fixed by the agreement as due on each house, and omitting the extra work, as to which there is an issue of fact for the jury. Otherwise all security for the $1,300 would be gone. As to the payment of mechanics in other than cash by the terms of their contract, we refer to Hinchman v. Lybrand, 14 S. & R. 32; Campbell v. Scaife, 1 Phila. 187; Haviland v. Pratt, 1 Phila. 364; Parker v. McCahey, 1 W. N. C. 433; Pierce v. Marple, 148 Pa. 69.

By the Act of July 15, 1897, P. L. 276, it is provided that in all cases now pending or hereafter brought, in which an affidavit of defense has been filed, the plaintiff may take judgment for that amount as to which the court shall adjudge the affidavit insufficient.

The affidavit is insufficient as to all save the extra work, therefore judgment should be entered for the sum of $150, which is the price fixed by agreement, less the extra work.

*Sheldon Potter,* with him *Leoni Melick,* for appellee.—There is no authority for an appeal from the refusal of the court to enter a judgment for a part of the plaintiff's claim under the provision of the Act of 1897, P. L. 276, except it be by authority of the Act of April 18, 1874, P. L. 64.

The act of 1874 only applies and is intended to reach only clear cases of error in law and thus prevent a delay of trial: Griffith v. Sitgreaves, 81* Pa. 378.    See also Radcliffe v. Herbst, 135 Pa. 568 ; Ins. Co. v. Confer, 158 Pa. 598.

A jury must determine how the contract price was to be paid.    The plaintiff complicated both the facts and the law of his case by the filing of separate liens against part of an operation and a joint apportioned lien against the balance of the same operation, all the houses being adjoining and built under a joint contract: Brick Co. v. Johnson & Co., 3 Pa. Superior Ct. 220.

Plaintiff may well admit that Pierce v. Marple, 148 Pa. 69, would at first blush appear to be against him.    This case is cited with approval in the more recent case of Hoffman v. Railroad Co., 157 Pa. 174.

PER CURIAM, November 14, 1898:

When a plaintiff moves for judgment for part of his demand under the Act of July 15, 1897, P. L. 276, it would be good practice to require him to specify the part as to which he claims the affidavit of defense to be insufficient and to set this forth in the rule to show cause.    If that be done the defendant will know with certainty the issue he is called upon to meet, the record will show what the court was called upon to decide, and the hearing on appeal from the discharge of the rule will be confined, as it ought always to be, to a review of the decision upon the point raised in the court below.    Had that practice been followed in the present case the record would have left no room for dispute as to this point.    We infer however from statements of counsel and from the second specification of error that the motion was treated in the court below as a motion for

judgment for $150, the whole amount of the claim excepting
that for extra work.   Did the court err in not entering judg-
ment for that amount?

The act of April, 1874, allowing a writ of error from an in-
terlocutory order refusing judgment for want of a sufficient
affidavit of defense was intended to reach only clear cases of
error in law, and thus to prevent the delay of a trial.   Refer-
ence to many of the decisions of the Supreme Court thus
construing the law will be found in Land and Imp. Co. v.
Mendinhall, 4 Pa. Superior Ct. 398, to which may be added
Erie v. Y. M. C. A., 151 Pa. 168, and Ferree v. Young, 6 Pa.
Superior Ct. 307.  A fortiori ought this to be the rule on appeals
from the refusal to enter judgment for part of the demand,
(assuming that the statute allows an appeal in such a case, a
point left open for future consideration,) and the plaintiff has
the security of a lien.   Whether there was such a breach of
the contract on the part of the defendant as entitled the plain-
tiff to an unconditional money judgment for his entire claim
is a question of law which should be reserved until all the facts
can be fully developed on the trial.   It will then be time
enough to decide whether the case is distinguishable from Pierce
v. Marple, 148 Pa. 69.

The appeal is dismissed at the costs of the plaintiff, but with-
out prejudice, etc.