# Arnold, Appellant, *v.* Stoner.

*Contract—Promise to pay the debt of another—Failure of consideration—Affidavit of defense—Practice, C. P.*

Where a person purchases goods in a store and promises to pay a debt of the former owner contracted in the purchase of certain of the goods, and before the goods are delivered they are seized in bankruptcy proceedings against the former owner, the consideration for the promise to pay for them wholly fails, and the purchaser cannot be held unless it appears that the parties to whom he gave the promise agreed to discharge the former owner from liability, or to forbear pressing their claim against him. If in a suit on the promise these facts are neither distinctly alleged in the statement nor admitted in the affidavit of defense, the defendant is entitled to a jury trial.

Submitted Nov. 2, 1901, by plaintiffs, from order of C. P. Blair Co., Jan T., 1901, No. 16, discharging rule for judgment for want of a sufficient affidavit of defense, in case of Philip Arnold, Joseph A. Louchheim and Gustav Daniel, trading as Arnold, Louchheim & Company, v. Samuel I. Stoner. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit to pay the debt of another.

Plaintiff's statement of claim was as follows:

The said firm of Arnold, Louchheim & Company, plaintiffs, wholesale clothing merchants of the city of Philadelphia, and state of Pennsylvania, sold and delivered to one Thomas Hollobaugh, of the borough of Coalport, county of Clearfield, state of Pennsylvania, goods and merchandise, at the special instance and request of the said Thomas Hollobaugh, as follows, to wit:

January 9, 1900, goods and merchandise to the extent of $32.50; February 10, 1900, goods and merchandise to the extent of $259.50, or a total of $292, upon which on February 20, 1900, there was a credit for goods and merchandise returned by the said Thomas Hollobaugh to Arnold, Louchheim & Company of $24.50, leaving a balance due by the said Thomas Hollobaugh to the said Arnold, Louchheim & Company of $267.50.

That an itemized copy of account as contained in the books of original entry of the said plaintiff firm, duly verified by affidavit, is hereto attached and made part hereof.

That afterwards the said defendant, Samuel I. Stoner, purchased from the said Thomas Hollobaugh the stock of goods and merchandise of the said Thomas Hollobaugh, including the goods and merchandise so sold by the plaintiff firm to the said Thomas Hollobaugh, he, the said defendant, assuming the indebtedness of the said Thomas Hollobaugh to the said plaintiff firm covered by the aforesaid mentioned bill, and which fact was by the said Thomas Hollobaugh communicated by letter to the plaintiff firm, under date of March 2, 1900, being the first information which plaintiff firm had in reference to such transaction, of which letter the following is a true and correct copy :

"COALPORT, Penna., 3/2, 1900.
"ARNOLD, LOUCHHEIM & CO.,

"Gentlemen:—I have written you several letters since I closed out my business and they have all been stamped and signed so there could be no mistake. Mr. Stoner would like to continue to do business with the firms I have been doing business with, and as I am going to manage the business for him I will see that your bills are paid promptly and when due. Mr. Stoner is a responsible man and can do a large business in Coalport, because he das capital to do it on and that's what it takes in a mining town. I would kindly ask you to write Mr. Stone in Altoona for any reference you would want, but I can assure you will have a pleasant man and an honest man to do business with. Mr. Stoner assumes all spring bills and will pay same as soon as due.

"Hoping this will be satisfactory, I remain,
"Yours Respt.
"(Signed)          TOM HOLLOBAUGH."

Whereupon, on March 8, 1900, the plaintiff firm addressed the said Thomas Hollobaugh, a letter of which the following is a true and correct copy :

"PHILADELPHIA, March 8, 1900.
"MR. TOM HOLLOBAUGH,
"COALPORT PA.

"Dear Sir:—We are in receipt of your favor, and would ask you to have Mr. Stoner write us a letter acknowledging the re-

sponsibility for the bill against you.   You will remember these goods were shipped to you two days before you sold out, and we have your letters in which you urged us to ship.   Now before we take any action in the matter, we want to hear from you, and certainly expect an acknowledgment from Mr. Stoner.

" Please give this your immediate attention.

" Obliging,

" Yours very truly,

" P. A.                        ARNOLD, LOUCHHEIM & Co."

And in answer to which letter the plaintiffs received from the defendant, Samuel I. Stoner, a communication or letter, of which the following is a true and correct copy:

" ALTOONA, PA., March 10, 1900.

" My Dear Sirs :—In regard to the within bill, since the goods are in the store, and was at the time I purchased the stock, I hereby assume payment of the bill mentioned in the letter. The bill will be paid, and you need have no cause for alarm.

" Very truly,

" SAMUEL I. STONER."

The right of recovery in this action is based upon the aforesaid written and express promise of the said defendant, Samuel I. Stoner, to pay the aforesaid amount of $267.50, so originally due and owing by Thomas Hollobaugh.

The affidavit of defense was as follows :

Before me, J. L. Hartman, prothonotary for the county of Blair, personally appeared Samuel I. Stoner, the defendant above named, who, being duly sworn according to law, does depose and say that he has a just and legal defense to the whole of the plaintiffs' demand in the above stated case, the nature and character of which is, that during February, 1900, your defendant entered into negotiations with Thomas Hollobaugh for the purpose of purchasing certain goods and merchandise owned by said Hollobaugh in the borough of Coalport, in the county of Clearfield and state of Pennsylvania, for a stipulated sum, without any assumption of debts owing by said the Hollobaugh: that the said negotiations were consummated as to the terms of the sale ; that subsequently, without the knowledge of your defendant, said Hollobaugh communicated with the plaintiffs

and assured them that your defendant would assume and pay their bill when due, which was afterwards agreed upon between Hollobaugh and your defendant as part consideration, and at the request of said Hollobaugh wrote to the plaintiffs that he had purchased the goods and merchandise in the store and would assume the payment of their bill, but before final confirmation under the terms of the contract and the delivery of the goods and merchandise to your defendant, the said Hollobaugh was forced into bankruptcy; and that by reason of said bankrupt proceedings the contract of sale became null and void; that your defendant never received any word of acceptance from the plaintiffs to his letter of March 10, 1900, but on the contrary notified the plaintiffs that as said Hollobaugh was unable to perform his part of the contract, and of the nondelivery of the goods and merchandise, he would not assume the payment of the bill of the plaintiffs against said Hollobaugh. And by reason thereof your defendant is not legally liable to the plaintiffs personally nor for any debt or debts due or owing by the said Thomas Hollobaugh. All of which he believes and expects to be able to prove on the trial of the case.

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*J. S. Leisenring* and *Greenwald & Mayer*, for appellant.

*D. Clare Good*, for appellee.

OPINION BY RICE, P. J., December 16, 1901:

If the sole consideration for the alleged promise of the defendant to pay the debt due from Hollobaugh to the plaintiffs was the sale and delivery by Hollobaugh to the defendant of certain goods, then, accepting as verity the averments of the affidavit of defense, the consideration wholly failed because the sale was not completed, and it is not in the power of Hollobaugh to complete it by a delivery of the goods. But it is urged that the failure of the performance of the contract of sale between the defendant and Hollobaugh cannot relieve the defendant of performance of his independent promise to pay the debt due to

the plaintiffs. In order to sustain this contention the plaintiffs' counsel are driven to the assumption that the consideration for the promise, as between the defendant and the plaintiffs was the discharge of Hollobaugh from liability to the plaintiffs, or the latter's promise to forbear pressing their claim. But these facts are neither distinctly alleged in the statement nor admitted in the affidavit of defense. The plaintiffs' letter of March 8, 1900, would seem to indicate that they reserved the right to "take action" upon Hollobaugh's proposition until after they should hear from the defendant. If they took action, and what it was, are matters left by the pleadings to mere surmise. The act of April, 1874, allowing a writ of error from an interlocutory order refusing judgment for want of a sufficient affidavit of defense was intended to reach only clear cases of error in law, and thus to prevent the delay of trial. Reference to many of the decisions of the Supreme Court thus construing the law will be found in Max Meadows Land & Improvement Co. v. Mendinhall, 4 Pa. Superior Ct. 398, to which may be added Erie v. Y. M. C. A., 151 Pa. 168, Ferree v. Young, 6 Pa. Superior Ct. 307, Shea v. Wells, 8 Pa. Superior Ct. 511, and Holland v. Sunbury Iron Works, 9 Pa. Superior Ct. 261. This is not such a case; the court committed no error in holding that the affidavit was sufficient to entitle the defendant to a jury trial.

Appeal dismissed at the costs of the plaintiff without prejudice, etc.