## Loeper *v.* Haas, Appellant.

*Affidavit of defense—Practice, C. P.—Supplemental affidavits of defense.*

If the court deems a defense to be probably good, but defectively stated, a supplemental and even a third affidavit may be allowed. The extent of the indulgence is largely in the discretion of the court.

*Contract—Acceptance—Fixtures—Affidavit of defense.*

It will not be presumed as a matter of law that fixtures purchased for a store have been accepted by the purchaser if it appears from an affidavit of defense that the fixtures delivered differed not only in quality and value but in kind from those contracted for, and that there was a contemporaneous refusal to accept them, followed by express notice repeated from time to time to reconstruct them so as to make them conform to the contract, or remove them.

In an action to recover the price of store fixtures a supplemental affidavit of defense averred that the plaintiff agreed that the fixtures should be of a certain kind as to materials, construction and finish and be satisfactory in every way to the defendant; that the fixtures furnished differed in these particulars, the difference being specifically pointed out in the affidavit from the kind of fixtures contracted for, and were of less value and fitness for the use for which they were intended, and were not satisfactory to the defendant; that while they were being placed in his store, and immediately after they were put in, the defendant refused to accept them, and at the same time notified the plaintiff to correct the imperfections described in the affidavit, which the plaintiff has neglected and refused to do; that many times afterwards he notified the plaintiff to remove the fixtures; that they are of no value to the defendant; and that he is informed, believes and expects to be able to prove that the cost of reconstructing the fixtures so as to make them comform to the terms of the contract as to materials, construction and finish, would be greater than the balance of the plaintiff's claim that remains after deducting the payments of the items of the claim not connected with this contract. *Held*, that the affidavit was sufficient to prevent judgment.

Argued Dec. 9, 1903. Appeal, No. 128, Oct. T., 1903, by defendant, from order of C. P. Schuylkill Co., Nov. T., 1902, No. 258, discharging rule for judgment for want of a sufficient affidavit of defense in case of Anton Loeper v. John E. Haas. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The material averments of the affidavit of defense are stated in the opinion of the Superior Court.

The court discharged rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*J. F. Minogue*, for appellant, cited: Sykes v. Anderson, 14 Pa. C. C. Rep. 329; Louchheim v. Becker, 3 W. N. C. 449; Mitchell on Motions and Rules, 64; Baltimore Brick Co. v. Coyle, 18 Pa. Superior Ct. 186; Carmalt v. Platt, 7 Watts, 318; Lord v. Ocean Bank, 20 Pa. 384; Kaufman v. Cooper Iron Mining Co., 105 Pa. 541; Tete Bros. v. Eshler, 11 Pa. Superior Ct. 224; Dailey v. Green, 15 Pa. 118; Frankenfield v. Freyman, 13 Pa. 56.

*MacHenry Wilhelm*, for appellee, cited: Fritz v. Hathaway, 135 Pa. 274; Acme Mfg. Co. v. Reed, 181 Pa. 382; Murphy v. Taylor, 173 Pa. 317; Stutz v. Coal & Coke Co., 131 Pa. 267; Andrews v. Blue Ridge Packing Co., 206 Pa. 370; Simpson v. Karr, 22 Pa. Superior Ct. 8.

OPINION BY RICE, P. J., January 21, 1904:

This is an action of assumpsit, in which the plaintiff declared upon a book account for goods sold and delivered. We think it sufficiently averred in the supplemental affidavit of defense that the principal items of the plaintiff's claim, apart from those as to which payment is alleged, are based on a special contract of the plaintiff to manufacture and put in place in the defendant's store certain fixtures, consisting of a set or sets of shelves, counters, drawers and bins; that the plaintiff agreed and expressly warranted that they should be of a certain kind as to materials, construction and finish and be satisfactory in every way to the defendant; that the fixtures furnished differed in these particulars—the differences being specifically pointed out in the affidavit—from the kind of fixtures contracted for, and were of less value and fitness for the use for which they were intended, and were not satisfactory to the defendant; that while they were being placed in his store, and immediately after they were put in, the defendant refused to

accept them, and at the same time notified the plaintiff to correct the imperfections described in the affidavit, which the plaintiff has neglected and refused to do; that many times afterward he notified the plaintiff to remove the fixtures; that they are of no value to the defendant; and that he is informed, believes and expects to be able to prove that the cost of reconstructing the fixtures so as to make them conform to the terms of the contract as to materials, construction and finish, would be greater than the balance of the plaintiff's claim that remains after deducting the payments of the items of the claim not connected with this contract.

If the court deems the defense to be probably good, but defectively stated, a supplemental and even a third affidavit may be allowed. " The extent of the indulgence is largely in the discretion of the court:" Andrews v. Blue Ridge Packing Co., 206 Pa. 370. Here the supplemental affidavit sets out the defense with greater particularity and fullness than the original, and avers facts, which, though hinted at, are not averred with distinctness and precision in the latter, but we find no substantial conflict, or even inconsistency, between the two. There was, therefore, no reversible error in permitting the supplemental affidavit to be filed. On the contrary the discretion vested in the court seems to have been wisely exercised.

In his statement of the question involved, as well as in his brief, the appellant's counsel assumes that there was a complete acceptance of the fixtures by the defendant, and therefore, it is argued, he is bound to pay the stipulated price without deduction of any kind. We cannot adopt his premises, and therefore, cannot concur in his conclusion. The fact that the plaintiff delivered and set up in the defendant's store the fixtures in question, taken in connection with the fact that the defendant has not removed them from the place where they were put, might, if unexplained, raise a presumption of acceptance, and be strong evidence of a waiver of strict performance. In such case a bare allegation in an affidavit of defense that " they are of no value to him " would be insufficient. But the assumption of the fact of acceptance upon which the argument is based is not warranted by either of the affidavits, and it ought to be unnecessary to say, that upon appeal from a refusal to enter judgment for want of a

sufficient affidavit of defense, the allegations therein contained cannot be supplemented or contradicted by allegations of facts injected into the "history of the case." While an acceptance of goods will be implied from mere detention in many instances, yet this not always the case ; it is not to be implied, certainly not as matter of law, in this case, if the fixtures delivered differ not only in quality and value but in kind from those contracted for, and there was a contemporaneous refusal to accept them, followed by express notice, repeated from time to time, to reconstruct them so as to make them conform to the contract, or remove them. And, even though it should be determined that the property in them had vested in the defendant, yet, if the other facts alleged in the affidavit be established, it would not necessarily follow that the defendant would be obliged to pay the stipulated price without any deduction for his damages: Stutz v. Loyal-Hanna Coal & Coke Co., 131 Pa. 267.

If upon the trial of the case, the allegations of the defendant's affidavit are supported by evidence, the question whether he accepted the fixtures as compliance with and satisfactory fulfilment of the contract, the question whether there was an express warranty as to quality, and, if there was no such warranty, the question whether the fixtures delivered substantially corresponded in kind with those contracted for, will be for the jury, subject to instructions by the court appropriate to the case developed at the trial. The Act of April 18, 1874, P. L. 64, allowing a writ of error, now called an appeal, from an interlocutory order refusing judgment for want of a sufficient affidavit of defense was intended to reach only clear cases of error in law, and thus to prevent the delay of a trial. Reference to many of the decision of the Supreme Court and of this court construing the law will be found in Max Meadows Land & Improvement Co. v. Mendinhall, 4 Pa. Superior Ct. 398, and Arnold v. Stoner, 18 Pa. Superior Ct. 537. This is not such a case. The court committed no error in holding that the affidavits were sufficient to entitle the defendant to a jury trial.

The appeal is dismissed at the costs of the plaintiff without prejudice, etc.