# Kyler, Appellant, *v.* Christman.

*Judgment—Affirmance of  judgment—Amount found to be due—Supplemental affidavit of defense—Appeals—Discretion of court.*

The affirmance of an order discharging rule for judgment for want of a sufficient affidavit of defense with permission to plaintiff to move the court below for judgment for so much of his claim as to which the affidavit is deemed by the appellate court to be insufficient, will not abridge the discretionary power of the court below to permit a supplemental or even a second or third affidavit of defense to be filed by defendant upon prompt application, if it appears probable that the defense is good and the defect merely in the mode of statement.

Argued March 10, 1904.  Appeal, No. 21, Feb. T., 1904, by plaintiff, from order of C. P. Lycoming Co., Dec. T., 1901, No. 365, allowing supplemental affidavit of defense to be filed in case of Leonard Kyler v. J. W. Christman.  Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.  Affirmed.

Motion for leave to file supplemental affidavit of defense.

HART, P. J., filed the following opinion:

The questions before us arise upon a motion of the defendant for leave to file a supplemental affidavit of defense and upon a motion of the plaintiff for judgment for want of a sufficient affidavit of defense.

The defendant having filed an affidavit of defense within the statutory period, the plaintiff obtained a rule for judgment for want of a sufficient affidavit of defense, which rule, after argument, was, on April 7, 1902, discharged. From this judgment of the court discharging this rule an appeal was taken to the Superior Court. That court, on November 16, 1903, handed down an opinion, and made the following order:

" Judgment affirmed, with permission to plaintiff to move in the court below for judgment for so much of his claim as to which the affidavit is deemed herein to be insufficient."

On November 23, 1903, the defendant, by his counsel, came into court and asked leave to file a supplemental affidavit of defense. This affidavit, upon examination, is found to cover all the defects complained of in the original affidavit of defense, and to supply particularly that part of the affidavit of defense which the Superior Court finds, in the opinion rendered, to be insufficient and to permit judgment on a part of the plaintiff's claim.

On this motion a rule was granted to show cause why this supplemental affidavit of defense should not be filed, and made returnable December 7, 1903. The remittitur, with the judgment of the Superior Court, not having been returned into this court or filed therein until November 27, 1903, on December 1, 1903, the motion of the plaintiff for leave to file this supplemental affidavit of defense was renewed, and the order of the court thereon granting a rule on the defendant to show cause why it should not be filed was also renewed and made returnable, as before, on December 7, 1903. On the same day and time this last rule of December 1, 1903, was granted, the plaintiff, by his counsel, appeared in court and moved for judgment for $788.40, being the amount of the plaintiff's claim, which, by the opinion and judgment of the Superior Court, the original affidavit of defense was deemed insufficient. On

this motion we granted a rule upon the plaintiff to show cause why the judgment as moved should not be entered, and made the same returnable also December 7, 1903.

Both rules were argued together, and are now before us for consideration. It is claimed on behalf the plaintiff that the defendant's motion to file a supplemental affidavit of defense comes too late; that the judgment of the Superior Court granting leave to the plaintiff to move for the judgment now asked for precludes the right of the defendant to file an amended or supplemental affidavit of defense covering the part of the claim for which judgment is now asked.

We do not so understand the judgment and order of the Superior Court.

Sec. 2 of the Act of April 18, 1874, P. L. 64, relating to appeals in such cases, provides: " But if the affidavit of defense shall be deemed by the Supreme Court insufficient to prevent judgment, then said court shall remit the record to the court below, with directions to enter judgment against the defendant or defendants for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why such judgment should not be so entered."

In Titusville Iron Works v. Keystone Oil Company, 130 Pa. 211 (1889), Justice WILLIAMS says: " The only question before the common pleas was whether the judgment for want of an affidavit of defense should now be entered. The original affidavit was held by the court insufficient to prevent it; and unless by supplemental affidavit some legal and equitable reason for denying the motion then pending was brought to the attention of the court, the plaintiffs were entitled to have their rule made absolute and their judgment entered. . . . A venire fàcias de novo brings about a new trial, with all the possibilities that belong to a trial; but an order to enter judgment on a pending motion, unless further legal or equitable reasons be shown against it than is shown by the affidavit under consideration, fixes the status of the case and the duty of the court below."

This being the law as applicable to cases where the affidavit of defense is adjudged insufficient to prevent judgment, and judgment is ordered to be entered by the appellate court, it seems to us as though the case is much stronger for the defend-

74, (1904).]   Opinion of Court below—Opinion of the Court.

ant where the judgment of the court below, refusing to enter judgment for want of a sufficient affidavit of defense, has been affirmed by the appellate court, and in such affirmance "permission" is given to the plaintiff to move the court below for judgment for so much of his claim as to which the affidavit is deemed by such appellate court to be insufficient.

This judgment of the Superior Court gave to the plaintiff the option to either rule the defendant to plead and go to trial on the merits, or make the motion permitted by this order and judgment of the Superior Court. It required something yet to be done by the plaintiff before the judgment of the appellate court could avail him. If, therefore, judgment could be prevented, where judgment is directed to be entered by the appellate court for the whole of a plaintiff's claim, why, for the greater reason, can it not be prevented when permission only is given to the plaintiff to move for judgment for a part of his claim?

That the supplemental affidavit of defense, as presented and now before the court, presents a legal and equitable defense to the whole of the plaintiff's claim was not disputed by the plaintiff's counsel on the argument; and seems to us, after a careful examination of the same, that we would be doing the defendant a gross injustice by not permitting him the privilege of a trial upon the merits before a jury.

And now, December 28, 1903, leave is granted to the defendant to file the supplemental affidavit of defense referred to in the foregoing opinion, and the motion of the plaintiff for judgment for the part of the plaintiff's claim covered by said motion is refused.

*Error assigned* was the order of the court.

*C. S. McCormick*, with him *J. F. Strieby*, for appellant.

*Seth T. McCormick*, for appellee.

PER CURIAM, April 18, 1904:

Upon appeal from the discharge of the plaintiff's rule for judgment for want of a sufficient affidavit of defense we made the following order: "Judgment affirmed with permission to plaintiff to move in the court below for judgment for so much of his

claim as to which the affidavit is deemed herein to be insufficient." The effect of this order was to put the plaintiff in precisely the same position, so far as his right to judgment for part of his claim under the act of 1897, was concerned, that he would have been in, if the conclusion of the court below upon the sufficiency of the original affidavit had been the same as ours. It was not intended, nor can it be so construed, to abridge the discretionary power of the common pleas to permit a supplemental or even a second or third supplemental affidavit of defense to be filed, if it appears probable that the defense is good and the defect merely in the mode of statement. " The extent of the indulgence is largely in the discretion of the court:" Andrews v. Blue Ridge Packing Company, 206 Pa. 370 ; Loeper v. Haas, 24 Pa. Superior Ct. 184. Promptly after our order was entered, and before the plaintiff had moved for judgment pursuant thereto, the defendant asked leave to file a supplemental affidavit which showed, not only a valid defense upon the merits, but also that the plaintiff's demand was founded in part upon a written contract, a copy of which he had not attached to his statement as required by the act of 1887. Under all the circumstances, more fully set forth in Judge HART's opinion, the court did not exceed its discretionary power in permitting a supplemental affidavit to be filed and remitting the parties to a jury trial.

The appeal is dismissed at the appellant's cost and record remitted with a procedendo.