## Gross, Appellant, v. Ricchezza.

*Affidavit of defense—Goods sold and delivered—Practice, C. P.—Part of claim appearing to be due.*

In an action for foodstuffs sold and delivered, an affidavit of defense is sufficient which avers that the defendant never ordered the goods, and that they were so unsound, so unfit for household consumption, so unmerchantable, so filled with sand or grit and so sour that they were wholly useless and worthless.

Where a plaintiff in his rule for judgment for want of a sufficient affidavit of defense, does not demand judgment for part of his claim appearing to be due, the court cannot be convicted of error in not making an order permitting the plaintiff to take judgment for such part of his claim.

Argued Oct. 21, 1908. Appeal, No. 116, Oct. T., 1908, by plaintiff, from order of C. P. No. 2, Phila. Co., March T., 1908, No. 2,340, discharging rule for judgment for want of a sufficient affidavit of defense in case of Ignatius Gross v. Antonio Ricchezza. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*C. E. Blackburn,* for appellant.

*T. J. Meagher,* for appellee, filed no printed brief.

PER CURIAM, November 9, 1908:

The plaintiff's claim consists of two branches, first, for the price of foodstuff which he alleges and the defendant admits he ordered, second, for the price of similar goods delivered to the defendant which the latter alleges he did not order. As to the

second branch of the claim the defendant alleges, in addition to the fact that he did not order the goods, that they were so unsound, so unfit for household consumption, so unmerchantable, so filled with sand or grit and so sour that they were wholly useless and worthless. This fairly puts in issue the question of the plaintiff's right to recover the price he charged for the goods and entitles the defendant to a jury trial upon that question, if upon no other.

It is to be noticed that the plaintiff did not in his rule or otherwise demand judgment for part of his claim in accordance with the practice recommended in Moore v. Eyre, 32 Pa. Superior Ct. 259. As was said in that case, so it may be said here: The rule taken was simply for judgment for want of a sufficient affidavit of defense, the exception was a general one to the discharge of this rule, the single assignment of error is to the same effect and there is nothing to indicate that the plaintiff demanded judgment for less than his whole claim or asked the court to consider the question as to his right to judgment for part thereof. Having shown that he was not entitled to judgment for his whole claim, we think it clear that the court ought not to be convicted of error in not making an order permitting the plaintiff to take judgment for part of his claim, even if it be conceded, which we do not decide, that the affidavit of defense as to the goods admittedly ordered by the defendant was not sufficient.

The appeal is dismissed at the costs of the appellant without prejudice to his right to trial by jury, and a second appeal after final judgment.