## Commonwealth, Appellant, *v.* Gould.

*Practice, C. P.—Affidavit of defense—Appeal from order discharging rule—Doubtful case—Ejectment—Mesne profits—Bond.*

The appellate court will not reverse an order discharging a rule for judgment for want of a sufficient affidavit of defense, where the questions of law raised by the statement of claim and the affidavit of defense are close and doubtful. This rule is applicable to an action brought on an appeal bond in ejectment given in pursuance of the Act of May 19, 1897, P. L. 67, to recover mesne profits, where the right to recover such profits in an action on the bond is denied, and where the jurisdiction of the court in which the suit is brought is questioned.

Argued Dec. 15, 1909. Appeal, No. 242, Oct. T., 1909, by plaintiff, from order of C. P. No. 1, Phila. Co., June T., 1909, No. 1,440, discharging rule for judgment for want of a sufficient affidavit of defense in case of Commonwealth to use of Harry L. Randal v. Isador M. Gould and the National Surety Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit on a bond.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court discharging rule for judgment for want of a sufficient affidavit of defense.

*Stanley Folz*, with him *Leon H. Folz*, for appellant.

*J. G. Kaufman*, with him *B. I. DeYoung* and *V. Gilpin Robinson*, for appellees.

OPINION BY MORRISON, J., July 20, 1910:

This was an action brought on a bond, dated December 22,

1908, given by the defendants on an appeal to the Supreme
Court from a judgment in a suit in ejectment against the said
Isidor M. Gould in the court of common pleas No. 2 of Phila-
delphia county.   After the affirmance of the judgment in that
case, the present action was brought to recover the mesne
profits on the real estate in controversy in the ejectment suit.
The learned court below, on argument and consideration, re-
fused to enter judgment in the present case for want of a suffi-
cient affidavit of defense and the plaintiff appealed from the
order of the court discharging his rule for judgment.   The
learned counsel for the plaintiff stated at bar in the argument
of this case that the bond sued upon was given in pursuance of
the Act of May 19, 1897, P. L. 67, and that he did not contend
that the bond was any broader than provided for in said act.

The affidavit of defense denied the right of the plaintiff to
recover mesne profits in the action on the bond in this case till
after the amount of the said profits shall have been ascertained
in the manner provided by the said act of May 19, 1897.   It is
further denied that the use plaintiff is entitled to recover more
than one-half of the mesne profits for the reason that the title
to the other half of the real estate in question has been vested
in Brinah Rheinstrom since October 3, 1906, and the affidavit
of defense avers that said Harry L. Randal so stated in an
affidavit of defense filed by him in a certain suit of the Orient
Building & Loan Association v. Harry L. Randal and others,
said suit being in common pleas No. 5 of Philadelphia county
at No. 3,457, June Term, 1909.   The defendant's counsel in the
present suit take the position that it is not brought in the
proper court, averring that under the rules of the courts of
Philadelphia county, the suit on the present bond must be
brought in common pleas, No. 2, where it was filed.   It is
further contended that no suit can be maintained on said bond
to recover mesne profits until after the amount of such profits
shall have been ascertained by a suit in trespass.   The act of
May 19, 1897, under which the bond was given, contains the
following: "That he will pay whatever mesne profits, accruing
after the judgment shall be thereafter recovered against him,
and all costs and damages awarded by the appellate court or

legally chargeable against him." The affidavit of defense further denies that the mesne profits amount to $700 as claimed by plaintiff.

In our opinion, the questions of law raised by the plaintiff's declaration and the affidavit of defense are somewhat close and doubtful. And we do not deem it so clear a case of a mistake of law by the lower court as to justify a reversal and the entry of a final judgment. An appeal from an order refusing judgment for want of a sufficient affidavit of defense was first given by the Act of April 18, 1874, P. L. 64, and as early as 1876 in Griffith et al. v. Sitgreaves, 81* Pa. 378, our Supreme Court said: "The Act of Assembly authorizing writs of error to be taken when a court of common pleas refuses to enter judgment on the ground of the sufficiency of an affidavit of defense, was intended to reach only clear cases of error in law, and thus to prevent the delay of a trial. Its effect is often to produce two writs of error in the same cause, instead of one, and is not to be encouraged."

So far as we can learn the above doctrine has been adhered to by our Supreme Court from that time until the present. In Ensign v. Kindred, 163 Pa. 638, we find the Supreme Court reaffirming the same doctrine. Again, in Kidder Elevator Interlock Co. v. Muckle, 198 Pa. 388, the Supreme Court said: "An order discharging a rule for judgment for want of a sufficient affidavit of defense, will not be reversed by the Supreme Court in doubtful and uncertain cases but only such as are very clear and free from doubt." This court has many times followed the same rule. See Building Association v. Wampole, 6 Pa. Superior Ct. 238; Shea v. Wells, 8 Pa. Superior Ct. 511; Arnold v. Stoner, 18 Pa. Superior Ct. 537. We might multiply citations almost without number to the same effect, but it is unnecessary.

Notwithstanding the very able argument of appellant's counsel, we feel constrained to allow this case to go to a trial before a court and jury, and the specifications of error are therefore dismissed.

The appeal is dismissed at the costs of the appellant without prejudice, etc.