# CASES

IN

# THE SUPREME COURT

OF

## PENNSYLVANIA

### Hays, Appellant, v. Anderson.

*Mortgages — Scire facias sur mortgage — Terre tenants — Defenses—Practice, C. P.—Affidavits of defense—Judgment.*

1. In an action of scire facias sur mortgage an affidavit of defense by the terre tenant alleging that part of the amount of the mortgage had not been loaned to the mortgagor until after the terre tenant acquired title to the property is sufficient to prevent judgment for the entire sum claimed.

2. Where an affidavit of defense does not deny that a part of the claim is due and a rule is taken for judgment for the entire claim it is not error to discharge the rule and to refuse to enter judgment for the amount admitted to be due.

Argued Oct. 19, 1914. Appeal, No. 231, Oct. T., 1914, by plaintiff, from order of C. P. Allegheny Co., Oct. T., 1914, No. 388, discharging rule for judgment for want of a sufficient affidavit of defense, in case of Margaret Hays, now for use of J. K. Anderson v. Thomas A. Anderson, with notice to Allan Kirkpatrick, Jr., terre tenant. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Scire facias sur mortgage.

Rule for judgment for want of a sufficient affidavit of defense. Before EVANS, J.

From the record it appeared that the terre tenant's affidavit of defense alleged that in October, 1908, when the mortgage was executed for $2,000 only $1,200 was loaned, and that the remaining $800 was not loaned until after the purchase of the property by the terre tenant at a sheriff's sale, upon a judgment confessed by the mortgagor, and the revival of said judgment against the mortgagor by amicable scire facias.

Other facts appear in the opinion of the Supreme Court.

The court discharged the rule for judgment for want of a sufficient affidavit of defense. Plaintiff appealed.

*Error assigned,* among others, was in refusing to enter judgment for plaintiff for part of the claim not denied.

*J. McF. Carpenter,* for appellant.

*Cosgrove & Langfitt,* with them *Bennett & Benn,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 11, 1915:

The learned court below held that under the rule taken in this case the affidavit being sufficient as to one part of the claim defeated the plaintiff's right to judgment for the other part. Whether the difference in the name of the defendant in the judgment and the name of the mortgagor affects the plaintiff's right to recover was not considered below nor need it be here. Had the plaintiff's affidavit averred facts instead of legal conclusions she would have been entitled to a more responsive affidavit of defense. If there was an agreement or contract by the purchaser of the real estate at sheriff's sale, the terre tenant here, by which he agreed to purchase the premises subject to the lien of the mortgage it should have been distinctly averred, and an affidavit of defense equally specific would then

have been required. Without such an agreement or understanding imposing liability on the purchaser for the mortgage debt, the lien was discharged by the sale under the judgment if it was legally entered against the defendant. Hence, the necessity for the specific averment of facts which required the purchaser of the premises bound by the judgment to pay the mortgage.

The affidavit of defense avers that eight hundred dollars of the two thousand dollars, the amount of the mortgage and the sum claimed by the plaintiff, were not advanced until about three years after the entry of the judgment of revival by the amicable scire facias. This averment is sufficiently specific and must be regarded as true in disposing of the rule for judgment. The learned court below held it sufficient to defeat that part of the claim, and discharged the rule taken for judgment for want of a sufficient affidavit of defense. The learned counsel for the appellant contends that the court should have passed upon the sufficiency of the affidavit as to the other part of the claim and, if found insufficient, should have entered judgment for that part of the claim with interest. This contention is based upon the appellant's construction of the Act of July 15, 1897, P. L. 276, which authorizes the plaintiff to take judgment for any portion of the claim as to which the affidavit of defense is adjudged to be insufficient. The difficulty with this contention is that the plaintiff took a rule for judgment for the whole amount of his claim for want of a sufficient affidavit of defense, and this appeal is taken from the order of the court below in discharging the rule and refusing judgment for the whole claim. The correctness of that order is the only matter before us. We cannot convict the court of error in not entering judgment for a part of the claim when the rule taken by the plaintiff did not require such adjudication. Had the plaintiff taken a rule for judgment for any specific part of the claim, the action of the court on the rule could be considered on this appeal. The practice under the Act of

1897 is not in accord with the plaintiff's contention, as has been determined by both appellate courts: Faux v. Fitler, 223 Pa. 568; Pierson v. Krause, 208 Pa. 115; Shea v. Wells, 8 Pa. Superior Ct. 511; Gross v. Ricchezza, 37 Pa. Superior Ct. 441.

The order of the court below discharging the rule for judgment for want of a sufficient affidavit of defense is affirmed.