## Beck, Appellant, v. Schekter, et al.

*Partition—Decedents' estates—Widow's dower—Charge of real estate—Act of March 29, 1832, P. L. 190—Merger.*

1. The Act of March 29, 1832, P. L. 190, Section 41, which provides that in proceedings to partition the realty of a decedent

among the persons entitled thereto, the widow's share or purpart shall be valued and shall be and remain a charge upon the premises, the legal interest thereon to be paid annually to the widow during her natural life and that, upon the death of the widow, the principal sum charged upon each purpart shall be paid by the children or other lineal descendants, to whom the said real estate shall have been adjudged, to the persons thereto legally entitled, was intended for the security of those heirs who were either not allottees in the partition proceedings or who had taken purparts of unequal values with those taken by other heirs. Where in partition proceedings the decree fixes the principal of the dower at a sum stated, and the whole of the real estate is apportioned among the four children of the decedent in equal shares without any share of the principal of the dower being charged on a particular purpart, the interest of each child in the principal sum is merged in the fee and is paid and extinguished by operation of law

*Deeds—Construction—Ambiguity—Parol evidence.*

2. Where a deed was made by one of the heirs of such decedent, conveying certain realty allotted to her as aforesaid, and by reason of misrecitals in the deed and unskillful conveyancing, it was uncertain whether it was intended and understood between the parties that the property was conveyed clear of liens, or whether the effect of the deed was to fix a new charge on the land, independent of the aforesaid partition proceedings, parol evidence is admissible to show that, at the time of the execution and delivery of the deed, the scrivener explained to the parties that the deed charged the principal sum of the dower upon the land conveyed, and made it payable to the grantor upon the death of the widow, and that the deed was delivered and accepted in accordance with that understanding. It was, therefore, error for the court to strike out such testimony.

Beck v. Schekter, 235 Pa. 253, explained.

Argued March 27, 1913. Appeal, No. 80, Jan. T., 1913, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1910, No. 2162, on verdict for defendant in case of Sarah A. Beck v. George Schekter and Meyer Bernstein. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Reversed.

Assumpsit to recover a sum charged on land. Before WILTBANK, J.

From the record it appeared that Edward Lynch died intestate October 21, 1870, leaving a widow and four children, one of whom was the appellant. Proceedings in partition were had in the Orphans' Court and the real estate of the intestate was apportioned and four properties were allotted to appellant, Sarah A. Lynch, subject to the dower of the widow, Margaret Lynch. The decree in partition fixed the principal of the dower at $4,076.41. Thereafter, by indenture dated February 16, 1886, the widow, pursuant to the terms of an agreement with appellant, apportioned the said dower to the several premises allotted to appellant, and in so doing apportioned the sum of $1,411.56 to premises on the west side of Fourth street north of Reed street, and the sum of $756.60 on premises on the east side of Horstman street north of Reed street. This deed apportioning the dower recited: "After the death of the said Margaret Lynch the principal of said dower or third to immediately become due and payable to the said Sarah A. Lynch (appellant), her heirs, executors or administrators." By indenture dated December 6, 1887, appellant conveyed these two properties to Mary J. Craddock, and in that indenture it was recited: "By virtue of proceedings in Partition duly issued out of the Orphans' Court for the City and County of Philadelphia and recorded in Partition Docket J. M. No. 1 page 147 said premises were awarded (inter alia) unto the said Sarah A. Beck (appellant), her heirs and assigns forever subject to the dower of the widow of said intestate; and Margaret Lynch, widow of said Intestate, by Deed Poll of Apportionment of Dower given under her hand and seal and recorded at Philadelphia aforesaid in Deed Book G. G. P. No. 108 page 347 &c. agreed with the said Sarah A. Beck (appellant) that the sum of Twenty-one hundred and sixty-eight Dollars and sixteen cents would be accepted with interest thereon in lieu and full satisfaction of her dower in said premises hereinbefore described." This indenture also in the Habendum recited: "Under

and subject nevertheless to the aforesaid Dower as apportioned in said Deed Poll or Apportionment of Dower and the interest thereon when and as the same grows due and becomes payable." By indenture dated May 26, 1900, Mary J. Craddock (who intermarried with William Kennedy) conveyed these two properties to appellees. In the deed to appellees there is the following recital: "Being the same premises which George P. Beck and Sarah A., his wife, by indenture dated the Sixth day of December A. D. 1887 and recorded at Philadelphia in Deed Book G. G. P. No. 339 page 10 &c. granted and conveyed unto the said Mary J. Craddock, wife of Thomas H. Craddock, in fee. Subject to the payment of the Dower or sum of Twenty-one hundred and sixty-eight Dollars and sixteen cents with interest thereon as therein expressed." In the Habendum of the same deed to appellees there is the following recital: "Under and Subject nevertheless to the above mentioned Dower or sum of Twenty-one hundred and sixty-eight Dollars and sixteen cents and the interest thereon when and as the same grows due and becomes payable." Margaret Lynch, the widow, died November 2, 1910. Appellant (formerly Sarah A. Lynch) brought suit to recover $2,168.16, the principal of the dower fund charged against these two properties, claiming that this sum became due her immediately upon the death of the widow, the appellees being at that time, and since, the owners of said two properties.

The trial judge directed a verdict for defendants. Plaintiff filed a motion for judgment non obstante veredicto, and for new trial, both of which motions were overruled. Judgment in favor of defendants was entered on the verdict. Plaintiff appealed.

Other facts appear by the opinion of the Supreme Court.

*Errors assigned* were, inter alia, the striking out of

parol testimony to explain the ambiguities in the deeds, and directing a verdict for defendants.

Joseph R. Embery, with him *Richard Crankshaw, Jr.*, for appellant, cited: Updegrove v. Updegrove, 1 Pa. 136; Bellas v. Lloyd, 2 Watts 401; Sergeant v. Ingersoll, 15 Pa. 343; Cobb v. Oldfield, 151 Ill. 540; Burwell v. Fauber, 21 Grant 446; Yaukey v. Forney, 231 Pa. 371.

Theodore F. Jenkins, for appellees, cited: Williams v. White, 35 Pa. 514; Dech v. Gluck, 47 Pa. 403; Smith v. Danielson, 45 Pa. Superior Ct. 125; Boggs v. Varner, 6 W. & S. 469; Barlow v. Beall, 20 Pa. 178; Magaw v. Garrett, 25 Pa. 319; Prouty v. Marshall, 225 Pa. 570; Pyles v. Brown, 189 Pa. 164.

Opinion by Mr. Justice Stewart, May 5, 1913:

This case was before us on appeal from an order of the court discharging a rule for judgment for want of sufficient affidavit of defense, reported in 235 Pa. 253. In the opinion of the present Chief Justice, affirming the order of the court, we there said: "The decree in partition made no charge of the principal sum, but of the interest only. The partition being in equal shares, there was no reason for charging the principal of the dower on the purparts: Williams v. White, 35 Pa. 514, and the widow had no power to make a charge. It may have been the intention of the parties to the deed of 1887 to fix a new charge on the land, but this is left in doubt by misrecitals and unskillful conveyancing. The case is one which may be cleared up by parol evidence, but because of ambiguity the rights of the parties are not so fixed by the deed that they can be determined on a rule for judgment." This was a distinct expression from this court to the effect that the only charge to which the property allotted the plaintiff was subject to in the partition proceeding through which she acquired title, was the interest due the widow annually for the period

of her natural life, and that upon the widow's death no charge remained with respect to the principal sum which had been made the basis of the interest charge. This was so manifestly true that it was thought unnecessary in the opinion to do more than say that the partition being in equal shares, there was no reason for charging the principal of the dower on the purparts. Notwithstanding what was there said, it is now contended by the appellants that apart from the partition award we have here a statutory charge of the principal sum. Our attention is directed to the fact that the Act of March 29, 1832, P. L. 190, which provides that in partition proceedings the sum at which the widow's share or purpart shall be valued, shall be and remain charged upon the premises, the legal interest thereon to be paid annually to the widow during her natural life, further provides that "on the death of the widow the said principal sum shall be paid by the children, or other lineal descendants to whom the said real estate shall have been adjudged,......to the persons thereto legally entitled." Since the case must be again tried, we refer to this feature of it only that further controversy in regard to it may be avoided. The provision of the act relied on was intended for the security of those heirs who were either not allottees in the partition proceeding, or allottees who had taken purparts of unequal valuation with those taken by other heirs. When in partition an heir gets a purpart charged with a sum of money, the interest of which is payable to the decedent's widow in lieu of dower, and the principal thereof at the death of the widow is payable in equal shares to the decedent's children, the interest of the acceptant is merged in the fee, and is paid and extinguished by operation of law. In the present case there were four heirs entitled to take; the estate had been divided into as many purparts of equal value; each heir took a purpart; the interest of each in the principal was the same, and each interest was merged into fee that each took

and was thereby extinguished. Nothing whatever was to be accomplished by charging the principal sum on the several purparts, since the only parties in interest were entitled to equal sums, and if charged each would be entitled to receive exactly what he would be required to pay. The examination of the case on the former appeal left us in no doubt whatever on the subject of the merger, and we there distinctly held that the property when in the ownership of the appellant was not liable for the principal sum on the death of the widow. What remained an open question, because of misrecitals and unskillful conveyancing, was whether it was intended and understood between grantor and grantee in the deed of 1887 from the appellant to Mary J. Craddock, that the effect of the deed was to fix a new charge on the land, one wholly independent of the partition proceeding to which reference was made in the deed there referred to, only however as descriptive of and measuring the charge intended. Because of the ambiguity of the deed with respect to this one matter, we held that the rights of the parties could not be decided on a rule for judgment, and that it was a case calling for the admission of parol evidence to develop and explain the understanding of the parties. On the trial the testimony of both grantor and grantee was offered (and admitted only, however, to be stricken out later on objection) to show what transpired between them and the conveyancer when the deed was executed; and testimony was offered to show the market value of the property at the time it was conveyed by appellant, in support of the testimony of the parties that it was understood between them that the amount of the principal of the dower charge, payable at the death of the widow, was in fact part of the consideration money for the conveyance. This latter offer was rejected. The learned trial judge held as matter of law that no charge for the principal of the sum upon the land was created by the deed, and directed a verdict for the defendants, clearly overlook-

ing what this court had said in the former appeal. Judgment was entered accordingly upon the verdict returned. Had no parol evidence on either side been offered reflecting light upon the understanding of the parties when the deed of 1887 was executed and delivered, with respect to what was therein contained on the subject of the charge or lien, it would necessarily have devolved upon the court to decide the controversy one way or other as matter of law; but parol evidence was offered and admitted,—only, however, as we have said to be afterwards stricken from the record—which if believed, established beyond question what the understanding of the parties was. Both grantor and grantee testified that immediately before execution and delivery of the deed the scrivener explained to them that the deed charged the principal sum of the dower, and made it payable to the grantor upon the death of the widow, and that the deed was delivered and accepted in accordance with that understanding. This testimony being directly upon the question which in the former opinion we said was to be inquired into, upon motion of defendant's counsel was stricken from the record as irrelevant. This ruling of the court having been excepted to is here assigned for error, and it is the only remaining matter calling for consideration here. Had there been no ambiguity in that part of the deed relating to the charge, of course the evidence would have been irrelevant, but this court had decided that the deed in this particular was ambiguous, and for this reason it was open to explanation by parol testimony. It does not appear that the evidence was rejected on the ground that it was incompetent to affect the rights of these appellees subsequently acquired. That would have raised a question of notice. Whether the ambiguity in this deed was sufficient to put an ordinary prudent purchaser upon inquiry as to the extent of the charge is a question that was not raised in the court below, and was not referred to in the argument of the case here. We

express no opinion in regard to it. We simply say that this question aside for the time, the evidence offered was not only pertinent and relevant, but material to the issue. When the instrument is equivocal the understanding of the parties at the time of signing it as to the meaning of the ambiguous and equivocal parts becomes part of the contract, and their declarations at the time are proper to show their understanding of those parts. It is unnecessary to cite authorities in support of this well established rule.

The assignments of error above indicated are sustained, and the judgment is reversed with a venire de novo.